■ AARON M. ZIMMERMAN, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Plaintiff, an attorney, appeals from Special Term's dismissal of his action seeking a judgment declaring that direct mail solicitation of clients with workers' compensation claims is not proscribed by sections 24 and 225 of the Workers' Compensation Law, section 479 of the Judiciary Law, or DR 2-103 (A) of the Code of Professional Responsibility. We affirm upon the ground that the complaint calls for an advisory opinion which we are not empowered to give. There is no indication in the complaint or the affidavit opposing dismissal that a disciplinary proceeding or any other action affecting plaintiff's rights had been or was being taken or was about to be commenced. Therefore, there is no justiciable controversy and any decision by Special Term or our court would be advisory only. "It is fundamental that the 'function of the courts is to determine controversies between litigants * * * They do not give advisory opinions'" (*New York Public Interest Research Group v Carey*, 42 NY2d 527, 529, quoting *Matter of State Ind. Comm.*, 224 NY 13, 16; see *New York State Assn. of Ins. Agents v Schenck*, 72 Misc 2d 434, affd 44 AD2d 757). (Appeal from order of Supreme Court, Onondaga County, Lynch, J. — dismiss action.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.