OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be modified, without costs, by annulling so much of respondent’s determination as directed that the penalty be served during Saratoga racing days, and the matter should be remitted to respondent Board for further proceedings in accordance with this memorandum.
As framed by the parties, the controlling question in this case is whether respondent’s so-called "Saratoga policy”— which requires that, following an administrative appeal, a suspension imposed for an infraction committed at the Sara-toga racetrack be served at the Saratoga meet the following year — has the attributes of a "rule” as that term is defined by State Administrative Procedure Act § 102 (2) (a) (i). The parties agree that, if it has such attributes, the Saratoga policy could not be applied in this case because it was not formally promulgated by respondent pursuant to the rule-making procedures set forth in State Administrative Procedure Act § 202. Significantly, no argument has been made that the procedural requirements of State Administrative Procedure Act § 202 are inapplicable to a policy, like this one, which was formulated by the Board in its adjudicatory capacity (cf., National Labor Relations Bd. v Bell Aerospace Co., 416 US 267, 290-295; Securities Comma, v Chenery Corp., 332 US 194, 202).
The Saratoga policy, according to the Board’s brief on appeal, applies "to every jockey * * * who elect[s] to race at Saratoga, commit[s] an infraction there, and unsuccessfully appeal[s] to the Board.” Such a policy seems clearly to fit the definition of what constitutes a rule, i.e., a fixed, general *773 principle applied without regard to the facts and circumstances of the individual case (see, Matter of Roman Catholic Diocese v New York State Dept, of Health, 66 NY2d 948, 951). The Board argues, nonetheless, that the Saratoga policy does not fit the definition of a rule because it only affects the implementation of a penalty, not the jockey’s conduct.
We reject this argument. The Saratoga policy does not relate to the penalty as such; it does not purport to control the Board’s discretion as to what the suspension should be for a particular infraction. Rather, according to the Board’s own description of the policy in this case, it establishes a mandatory procedure that pertains only to when and where a Sara-toga suspension must be served in the event of an appeal (see, e.g., 7 NYCRR 252.5, 253.7, 254.7 [specifying the penalties that can be imposed after prison disciplinary hearings]).
We conclude, therefore, that the Saratoga policy fits State Administrative Procedure Act § 102 (2) (a) (i)’s definition of a rule — an agency’s stated policy of general applicability which prescribes a procedure or practice requirement of the agency. We do not address petitioner’s alternative argument that the Board arbitrarily and capriciously applied its Saratoga policy in this case. Petitioner’s claim that he was denied his right to present his case at the Board hearing is without merit, and he does not dispute that the Board’s determination to suspend him is supported by substantial evidence.[1]
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,[2] concur; Judge Simons taking no part.
Judgment modified, without costs, and matter remitted to Supreme Court, New York County, with directions to remand to the New York State Racing and Wagering Board for further proceedings in accordance with the memorandum herein.

. We note that, although petitioner recently announced his retirement, for purposes of our jurisdiction the case is not moot because, in theory at least, petitioner could renounce that decision at any time.

. Designated pursuant to NY Constitution, article VI, § 2.