■ In the Matter of ROBERT A. RUBIN, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [620 NYS2d 143] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cardona, J.), entered February 25, 1993 in Albany County, which, in a proceeding pursuant to CPLR article 78, inter alia, granted respondents' motion to dismiss the petition for lack of justiciability.

Petitioner, an attorney and licensed professional engineer in New York, commenced this CPLR article 78 proceeding to annul a memorandum dated August 20, 1991 (hereinafter the memorandum) issued by the Deputy Commissioner of respondent State Education Department. The memorandum was addressed to all design professionals in architecture, engineer-

ing, land surveying and landscape architecture. Its announced purpose was "to inform and remind all licensed design professionals that the practice of delegating design responsibility to unauthorized firms constitutes unprofessional conduct under the Rules of the Board of Regents and New York State Education Law". The memorandum followed an earlier memorandum dated November 30, 1989 issued by the same Deputy Commissioner to members of the design profession and the construction industry outlining the narrow interpretation of a then-recent Court of Appeals decision holding that the construction contract executed by an owner and an unlicensed business corporation building contractor did not constitute the unauthorized practice of engineering in contravention of Education Law §§ 7202 and 7209 (4) even though the contract called for a licensed professional engineer to perform the design function (see, *Charlebois v Weller Assocs.*, 72 NY2d 587).

The petition in this CPLR article 78 proceeding asserted that the memorandum should be annulled because, *inter alia,* it was not promulgated in accord with the procedural requirements of applicable law, did not accurately interpret *Charlebois v Weller Assocs. (supra)* and was arbitrary, capricious and an abuse of discretion by respondents. Respondents moved to dismiss, *inter alia,* for nonjusticiability, lack of standing and failure to state a claim upon which relief could be granted. Petitioner cross-moved for an order allowing certain individuals to intervene as petitioners. Supreme Court concluded in a written decision that the memorandum was not a rule or regulation but was an advisory legal opinion, that there was no justiciable controversy, that petitioner was requesting an advisory opinion of the court regarding the legal accuracy of the memorandum and granted respondents' motion to dismiss the petition. The court also denied petitioner's cross motion. This appeal by petitioner is from the ensuing judgment.

The proceeding was properly dismissed. Examination of the record reveals that there is no justiciable controversy, no genuine legal dispute between the parties (see, *Harrington v State of N. Y. Off. of Ct. Admin.,* 114 Misc 2d 351, *affd* 94 AD2d 863, *affd* 62 NY2d 626). It is not the province of the judiciary to give advisory opinions (see, *New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 529). There is no showing that the rights of petitioner have been or are about to be affected or that there has been any attempt by respondents to enforce the memorandum (see, *Zimmerman v Abrams,* 101

AD2d 691, *appeal dismissed* 63 NY2d 675, *lv denied* 63 NY2d 608, *appeal dismissed, cert denied* 470 US 1001).

Petitioner's contention that Supreme Court erred in finding that the memorandum was not a rule or regulation under State Administrative Procedure Act § 102 because respondents classified the memorandum as an advisory opinion *(see, People v Cull,* 10 NY2d 123, 126), is rejected. The record does not sustain petitioner's claim. There is nothing in the memorandum asserting "a fixed, general principle" *(Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951) or a "general course of operation to be effective for the future" *(People v Cull, supra,* at 127). To the contrary, the memorandum is a "nonconclusive, nonbinding guideline to be weighed along with other factors" *(Matter of Roman Catholic Diocese v New York State Dept. of Health,* 109 AD2d 140, 148 [Levine, J., dissenting], *revd* 66 NY2d 948). The memorandum is informative, in that it advises that the practice of delegating design responsibility to unauthorized firms constitutes unprofessional conduct under the rules of the Board of Regents and the Education Law, and relies on existing laws for the stated conclusions. It is interpretive and as such falls within the exception provided in State Administrative Procedure Act § 102 (2) (b) (iv).

Supreme Court also properly held that the memorandum was not a rule or regulation and therefore need not be filed with the Secretary of State *(see,* NY Const, art IV, § 8; State Administrative Procedure Act § 102 [2] [a]).

Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.