OPINION OF THE COURT
Levine, J.
During 1988, employees from respondent Department of Labor conducted health and safety inspections at five facilities in petitioner’s Surface Transit Division. The inspectors found various violations of the regulations under the Public Employee Safety and Health Act (Labor Law § 27-a [the PESH Act]) at each facility and issued a Notice of Violation and Order to Comply for each facility. At follow-up inspections, the inspectors found that some violations had not been corrected. Specifically, at five of its facilities, petitioner did not have available for inspection a list of hazardous chemicals to which employees might be exposed, as required by 29 CFR 1910.1200 (e) (1),* and, at one facility, petitioner did not implement a written Respiratory Protection Program, as required by 29 CFR 1910.134 (b) (1). The inspectors computed penalties for each facility pursuant to the penalty-assessment guidelines in the Department’s Field Operations Manual.
Petitioner challenged the citations with respect to all five facilities, and hearings were conducted before respondent Industrial Board of Appeals. In two separate orders, the Board upheld the penalties with respect to all five facilities, but reduced the amounts assessed because it disagreed with the inspectors’ application of the Department’s penalty guidelines.
Petitioner commenced this CPLR article 78 proceeding challenging the Board’s determinations and also asserting that the *229 penalty guideline provisions were unenforceable because they were not filed and published as a rule or regulation as required by NY Constitution, article IV, § 8 and State Administrative Procedure Act § 102 (2) (b) (i). The Appellate Division granted the petition and annulled the orders. This Court granted the Department leave to appeal, and we now reverse.
As to the Department’s penalty guidelines, we disagree with the Appellate Division’s conclusion that the guidelines constitute a rule or regulation required by NY Constitution, article IV, § 8 and State Administrative Procedure Act § 102 (2) (b) (i) to be filed with the Secretary of State and published in the State Register. We have previously held that "only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation required by NY Constitution, article IV, § 8” or State Administrative Procedure Act § 102 (2) (b) (i) to be filed in the office of the Department of State and published in the State Register (Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951; see also, Matter of Schwartfigure v Hartnett, 83 NY2d 296, 301; Matter of Cordero v Corbisiero, 80 NY2d 771, 772-773). The penalty guidelines at issue vest inspectors with significant discretion, and allow for flexibility in the imposition of penalties, all with the view of imposing the appropriate sanction for the individual offense and offender in the particular case.
While the guidelines cap the maximum amount of daily penalties assessed for serious and nonserious violations, penalties "may be assessed” in any amount up to those statutory limits. In assessing penalties, inspectors are first directed to determine the gravity of the violation based on a weighing of three factors: (!) the probability of injury from the violation; (2) the severity of the injury or illness that could result from the violation; and (3) whether the violation is willful or repeated. Inspectors derive a numerical value for each factor on a scale of 1 to 10, and are directed to use their professional judgment to adjust the penalty scale based on consideration of mitigating and contributing factors. The values obtained for each of the three components are then averaged to obtain a "gravity based quotient”. Inspectors determine the per diem penalty by referring to a penalty table, and may reduce the penalty by up to 60% based on the size of the employer, the employer’s good faith and the employer’s history.
Thus, although the guidelines specify numerical formulas for calculating the ultimate amount of the penalty, they do not *230 establish "a rigid, numerical policy invariably applied across-the-board to all claimants without regard to individualized circumstances or mitigating factors” (Schwartfigure, supra, at 301). Rather, "they encompass both fixed and variable factors unique to a facility to be considered * * * on a case-by-case analysis” (Matter of Trustees of Masonic Hall & Asylum Fund v Axelrod, 174 AD2d 199, 204). The penalty guidelines do not dictate the result; the ultimate amount of the penalty is dependent on inspectors’ independent exercise of their professional judgment.
Furthermore, also contrary to the holding of the Appellate Division, Matter of New York State Coalition of Pub. Empls. v New York State Dept. of Labor (89 AD2d 283, affd 60 NY2d 789) is not controlling. The fact that record-keeping requirements relating to matters of employee safety under the PESH Act were required to be promulgated as a rule or regulation in that case does not mandate that the penalty guidelines at issue here had to be incorporated in a rule or regulation. Labor Law § 27-a (6) authorizes the imposition of penalties for violations of the PESH Act or the safety and health standards promulgated thereunder. The statute does not mandate the promulgation of regulations regarding penalties to be imposed for a violation of the regulatory standards. Instead, the PESH Act leaves it to the Department to opt in favor of the imposition of penalties on a case-by-case basis, including " 'establishing a guideline for a case-by-case analysis of the facts’ ” (Matter of Roman Catholic Diocese v New York State Dept. of Health, 109 AD2d 140, 148 [dissenting in part opn] [quoting Long Is. Coll. Hosp. v Whalen, 68 AD2d 274, 276], revd on dissenting opn below 66 NY2d 948, supra).
The Appellate Division alternatively held that the Board’s determination upholding the finding that petitioner violated 29 CFR 1910.1200 (e) (1) was unsupported by substantial evidence. We disagree. Employers are required to "develop, implement, and maintain at each workplace, a written hazard communication program * * * which also includes * * * [a] list of the hazardous chemicals known to be present” (29 CFR 1910.1200 [e] [1] [i]). While conceding that they did not have a written list of hazardous chemicals available at the five facilities at issue, petitioner argued and the Appellate Division agreed that the regulation was complied with because petitioner had developed an authoritywide computerized chemical inventory system which was in operation at all of the cited facilities long before the Department’s compliance inspections.
*231 The Department and Board construed 29 CFR 1910.1200 (e) (1) as requiring that chemical inventories be made available and readily accessible to employees to inform them of the hazards inherent in the day-to-day handling of these materials. This construction, pertaining to a matter within the area of expertise of the Department and the Board, appears reasonable (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). Moreover, the Board’s conclusion that petitioner’s computer-stored inventory did not satisfy the regulatory standard is supported by substantial evidence. The record indicates that at one facility, the inspector was told no chemical inventory had been compiled; at another facility, the inspector was not told of any chemical inventory, even in an alternative form; no chemical inventory existed at a third facility; and no written hazard communication programs had been developed or implemented at the remaining two facilities. Thus, employees clearly lacked the access to the inventories that was required by the regulation.
Finally, petitioner’s failure to keep a written Respiratory Protection Program at one of its facilities pursuant to 29 CFR 1910.134 (b) (1) was noted in the inspector’s report, and petitioner’s citation for that violation is supported by substantial evidence.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the article 78 petition dismissed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
Judgment reversed, etc.

 As authorized by Labor Law § 27-a (4), the Department of Labor has adopted Federal safety and health standards and regulations promulgated pursuant to the Federal Occupational Safety and Health Act (see, 12 NYCRR 800.3).