■ In the Matter of JERRY CLAUSEN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [648 NYS2d 842] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c) to review a determination of the Administrative Review Board for Professional Medical Conduct which suspended petitioner's license to practice medicine in New York for three years.

Petitioner, a licensed psychiatrist, was charged with nine specifications of professional misconduct involving the care and treatment of patient A from June 30, 1987 to July 2, 1990 and relating also to his conduct vis-à-vis patient A subsequent to the period when his care of patient A had allegedly ended. The Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Committee) sustained charges against petitioner of negligence on more than one occasion, breach of confidentiality on two occasions and inadequate record keeping. The Committee recommended a stayed suspension of petitioner's license for three years with probation that included continuing education and monitoring of petitioner. A review by the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the Committee's determination.

Petitioner challenges the determination on the ground that the physician-patient relationship had terminated before any of the acts complained of occurred and that he no longer owed a duty of care to patient A. We disagree with petitioner's contention that a patient-physician relationship no longer existed during the period in question. The factual determination on the issue is within the province of the trier of fact and will not be disturbed if supported by the record (*see, Matter of Orozco v Sobol*, 162 AD2d 834, 835). Petitioner also challenges the determination on the ground that it is not supported by substantial evidence.

The standard for review here is whether the ARB's determination was arbitrary and capricious, affected by an error of law or constituted an abuse of discretion (*see, Matter of Moss v*

*Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). An administrative action is arbitrary and capricious when it is without a sound basis in reason and without regard to the facts (*see, Matter of Pell v Board of Educ.*, 34 NY2d 223, 232). Our review is limited to whether the ARB's decision was rationally based.

In that regard, the evidence discloses that patient A, who was treated by petitioner for agoraphobia and panic attacks, developed a romantic interest in petitioner, denominated as a transference phenomenon. The ARB confirmed the Committee's findings that petitioner was negligent in the way he handled patient A's romantic focus on him on several occasions. This included his (1) allowing patient A to remain in physical contact with him upon her initiation of such contact, and (2) that though patient A, by petitioner's own estimation, was suffering from a transference fixation on him, his handling of her exacerbated the problem. Some of the inappropriate actions taken by petitioner were as follows: he continued to attend and monitor her sessions with a new therapist; he continued to call patient A at home for a year after his purported termination of therapy, thus confusing her as to his intentions; he failed to act prudently when he visited patient A in her home in June 1991 by crossing professional boundaries which should be respected by a physician; he violated physician-patient boundaries in meeting with her, one on one, at a restaurant from August 1991 through January 1993 after Al Anon sessions to which he had referred her and which he also attended; he violated professional boundaries in presenting patient A with a gift, in telling her that he loved her in Armenian, and by giving her a tape of songs with romantic themes.

The ARB found that petitioner's actions confused patient A and contributed to her inability of separating from petitioner. The ARB held that petitioner's actions were detrimental to patient A.

Petitioner was also found to have breached confidentiality on the following occasions: (1) by inappropriately revealing patient A's records to her husband without taking necessary steps to protect their inviolability, (2) by identifying patient A as a former patient to patient B, and (3) by encouraging a meeting between the two of them to allay patient A's suspicion that he was involved romantically with patient B.

Finally, petitioner was found not to have maintained adequate records. The ARB found that his record keeping was chaotic, that it was difficult to discern the nature of patient A's condition therefrom, that the records failed to document the

reason for various prescriptions ordered for patient A and failed to adequately record the treatment plan for patient A which petitioner prescribed and followed for her. We find that the record amply supports the ARB's determination (*see, Matter of Moss v Chassin*, 209 AD2d 889, 891, *supra*) on all grounds stated and should be confirmed.

As a final issue, petitioner challenges the investigative process, the issuance of the statement of charges and the disciplinary hearing as flawed, contending that he was deprived of his right to due process at various stages of the procedure. Petitioner, in the first instance, claims that depriving him of the right to tape or otherwise memorialize the initial interview was error. We disagree. Petitioner was offered an adjournment to bring in counsel at the initial interview to counsel him but elected to proceed. Though respondent would not permit a recording of the interview, the session was intended to address only the broader issues of the charges and did not need to be fact specific (*see, Matter of Van Gaasbeek v Chassin*, 198 AD2d 572, 574, *lv denied* 82 NY2d 665). At this preliminary level, the charges against petitioner were discussed at length and he was subsequently served with the written charges which gave him notice of the alleged misconduct in specific detail. The statement of charges was in conformity with statutory criteria in that they apprised petitioner of the charges against him and were sufficient to allow him to prepare an adequate defense (*see, Matter of O'Brien v Commissioner of Educ. of State of N. Y.*, 136 AD2d 837, 839). We find no violation of petitioner's due process rights.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.