■ In the Matter of ROBERT BURNS, Respondent, v NEW YORK STATE OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES et al., Appellants. [650 NYS2d 421] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered April 12, 1995 in Albany County, which, *inter alia*, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondents denying petitioner's application for vocational rehabilitation services.

Petitioner is disabled by the disease of alcoholism and, on February 23, 1994, submitted an application to respondent State Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) in order to obtain vocational rehabilitation services. Petitioner's application showed continuous employment from 1969 until 1991, first with the New York Telephone Company and then with AT&T until the company closed petitioner's facility. Petitioner's application was denied by a VESID counsellor and petitioner requested administrative review pursuant to 29 USC § 722 (d). Following a fair hearing, the Hearing Officer concluded that the denial of petitioner's application should be upheld.

In making the determination, the Hearing Officer relied upon VESID Policy Handbook policy 202.00, which was issued in April 1994 in response to a 1992 amendment of the Federal Rehabilitation Act regarding eligibility requirements.[1] Before 1992, any "handicapped individual" was entitled to services (*see*, 29 USC former § 706 former [8] [A]).[2] After the amendments, an individual is eligible for assistance under the legislation only if he or she (A) has a disability, *and* "(B) requires vocational rehabilitation services to prepare for, enter, engage in, or retain gainful employment" (29 USC § 722 [a] [1]). The amended statute defines an " 'individual with a disability' " as someone "who (i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services" (29 USC § 706 [8] [A]). In response to this legislation, VESID, with guidance provided by the Rehabilitation Services Admin-

---

1. The Federal Rehabilitation Act authorizes the Federal government to assist States in providing services to individuals with disabilities (*see*, 29 USC § 720 [a] [2]; [b] [1]).

2. In fact, the record indicates that, prior to the 1992 amendment, petitioner previously applied for and was found eligible for VESID's services but did not take advantage at that time.

istration, the Federal agency charged with administrating the Rehabilitation Act, issued policy 202.00, which, *inter alia,* basically restates the eligibility criteria of 29 USC § 722 (a) (1) in question form, followed by explanatory text.

Following the issuance of the Hearing Officer's determination, petitioner requested administrative review but VESID's Assistant Commissioner declined to consider such a review (*see,* 8 NYCRR 247.3 [m], [o]). Subsequently, petitioner commenced this combined proceeding seeking declaratory relief pursuant to CPLR article 30 and review in the nature of certiorari under CPLR 7803 (3). Supreme Court granted the petition to the extent of annulling respondents' determination and declaring that policy 202.00 is a "rule" subject to the State Administrative Procedure Act and is invalid because VESID did not promulgate the policy according to that statute's rule-making procedures. In doing so, the court found it unnecessary to address the remaining issues raised in the petition and remitted the proceeding to VESID for a new hearing. Respondents appeal.

Initially, we reject respondents' contention that petitioner failed to preserve his State Administrative Procedure Act challenge to policy 202.00 because he did not raise this argument at the administrative level. Respondents do not dispute that policy 202.00, issued two months after the initial denial of petitioner's request for VESID benefits, was not introduced at the hearing and was instead received by the Hearing Officer during her deliberations following the completion of the fair hearing. Since petitioner's request for administrative review of that decision was declined, we conclude that petitioner did not waive his opportunity to raise this argument before Supreme Court.

Turning to the merits, we conclude that Supreme Court erred in finding that policy 202.00 is a rule or regulation requiring filing under State Administrative Procedure Act § 102 (2) (a) (*see, e.g., Matter of Schwartfigure v Hartnett,* 83 NY2d 296; *Matter of Cordero v Corbisiero,* 80 NY2d 771; *Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948; *Matter of Robinson v Perales,* 166 AD2d 594, 597). Significantly, excepted from the formal rule-making procedures under this statute are "forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]). Here, upon our review of policy 202.00, we agree with respondents that this exception applies. Specifically, policy 202.00 clearly restates

the eligibility criteria set forth by Congress in the Rehabilitation Act and has no legal effect standing alone (see, *National Assn. of Ind. Insurers v State of New York*, 207 AD2d 191, 203-204; *DeBonis v Corbisiero*, 178 AD2d 183, 184, *lv denied* 80 NY2d 753).

Furthermore, to the extent that policy 202.00 supplements the wording of the statute by, *inter alia*, giving examples, the additional text is merely explanatory and interpretive (see, *Matter of Rubin v New York State Educ. Dept.*, 210 AD2d 550, 552; *Matter of Sheehan v Ambach*, 136 AD2d 25, 29, *lv denied* 72 NY2d 804).

In light of the above, we reverse and remit this matter to Supreme Court for resolution of the remaining issues in the petition that were not reached by the court.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.