■ In the Matter of MARY REMMERS, Petitioner, v BARBARA A. DeBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [660 NYS2d 159] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health which found petitioner guilty of mistreating a patient while discharging her duties as a nurse's aide.

At all times relevant herein petitioner was employed as a nurse's aide at a nursing home in the Town of Oyster Bay, Nassau County. On the evening of July 8, 1992 petitioner was assigned to the third-floor north wing; she claims that a male patient from the east wing who was confined to a wheelchair, and who was known as a "wanderer", wheeled himself onto the north wing into other patients' rooms four separate times on this particular evening. Petitioner's request to put the patient to bed early was denied by Sandra Doyle, a nurse assigned to the east wing. Petitioner admits that after the fourth incident she wheeled the patient into his room, slammed the door and returned to her duties on her wing.

Doyle saw petitioner quickly wheel the patient back to his room, heard the door slam, and within less than a minute went to the patient's room with another nurse's aide, Christina Bethea. There Doyle found that the door would only open a third of the way because a bed had been moved across the door on the inside, effectively blocking-in the patient. Doyle and Bethea, as well as another nurse, Joanne Johnson, then confronted petitioner. Doyle, Johnson and another nurse, Patricia Filipazzo, claim that petitioner screamed, "Yes I did it. Yes, I put the bed in front of the door. Write me up. I'm not afraid of

Pat McCann [Director of Nursing Services]." Petitioner claims, however, that her response in saying "yes" was in reference to putting the patient in his room, not in reference to placing a bed in front of the door.

There is conflicting evidence in the record as to whether the patient, given his physical condition, was capable of moving the bed against the door himself. McCann investigated the incident and suspended petitioner for one week. Thereafter, respondent Department of Health initiated charges of patient mistreatment and neglect against petitioner. An administrative hearing was held after which petitioner was found guilty of the charges by a "preponderance of evidence" and a $1,500 fine was imposed. Respondent Commissioner of Health sustained the charges and followed the recommendations of the Administrative Law Judge (hereinafter ALJ). Petitioner then commenced this proceeding which was transferred to this Court pursuant to CPLR 7804 (g).

We confirm. Petitioner's contention that the determination should be annulled on the ground that it is not supported by substantial evidence is misplaced; the proper standard of review where the ALJ's findings and recommendations have been reviewed by the Commissioner of Health is whether it was "arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958; *see, Matter of Rudell v Commissioner of Health of State of N. Y.*, 194 AD2d 48, 50, *lv denied* 83 NY2d 754; *see also*, CPLR 7803 [3]). Under this test our inquiry on review is whether the administrative determination has a rational basis supported in fact (*see, Matter of Brown v New York State Dept. of Health, supra; Matter of Gottesman v New York State Dept. of Health*, 229 AD2d 742, 743). Furthermore, it is well settled that in making such an inquiry, this Court will not decide credibility issues or weigh the testimony of witnesses since those are issues solely within the province of the ALJ (*see, Matter of Brown v New York State Dept. of Health, supra; Matter of Brigham v DeBuono*, 228 AD2d 870, 874, *lv denied* 89 NY2d 801; *Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* 516 US 861).

Petitioner does not dispute that the patient's bed was found pushed against his door less than one minute after she left his room; the only question is whether petitioner or the patient, who was partially paralyzed, placed it there. There is ample evidence in the record from which to conclude that petitioner moved the bed. There was a gap of less than a minute between the time when petitioner, frustrated at the patient's wander-

ing, was seen slamming the patient's door and leaving his room and the point in time when the door was found barricaded. The record also reveals that three witnesses confirmed that petitioner admitted putting the bed in front of the door. Viewing the record as a whole, the determination that petitioner moved the bed to barricade the patient in his room was rational (*see, Matter of Clausen v New York State Dept. of Health*, 232 AD2d 917; *see also, Matter of Brown v New York State Dept. of Health, supra; Matter of Gottesman v New York State Dept. of Health, supra*). Accordingly, we will not disturb the Commissioner's determination sustaining the findings of the ALJ.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.