■ In the Matter of MARK TAYLOR, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [669 NYS2d 732] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 22, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to lift his suspension to carry a firearm off duty.

State correction officers, like petitioner, are granted a statutory exemption from prosecution for criminal possession of a weapon (Penal Law § 265.20 [a] [1] [c]; CPL 2.10 [25]). This exemption is circumscribed by respondent's Directive No. 2020, which provides it with the right to prohibit an employee from carrying a weapon off duty when it determines, *inter alia*, that "the employee's mental or emotional condition is such that his or her possession of a firearm represents a threat to the safety of [the employee], the facility or the community" (Dept of Correctional Servs, Directive No. 2020 [B] [2] [d]). Acting on a report from a psychologist that petitioner was dangerous and may lose impulse control at any time, the Superintendent of Albion Correctional Facility informed petitioner on January 6, 1994 that his right to carry a concealed weapon while off duty was suspended and would not be reinstated until authorized by the Inspector General.

Two years later, petitioner's attorney wrote the Inspector General asking him to reconsider his determination and to reinstate petitioner's right to carry an off-duty weapon. By letter dated May 28, 1996, the Inspector General rejected petitioner's request. In September 1996, petitioner commenced this CPLR article 78 proceeding challenging the Inspector General's determination. Instead of answering, respondent moved to dismiss the petition on the ground of untimeliness. Supreme Court denied the motion; however, it subsequently dismissed the petition on the merits. Petitioner appeals.

Initially, petitioner claims that he was denied procedural due process because he was not afforded a predetermination hearing. To succeed on this claim, petitioner must establish that respondent's action deprived him of a protected property or liberty interest (*see, Mathews v Eldridge*, 424 US 319, 332). As respondent's determination did not deprive petitioner of a liberty interest, our concern is whether it affected a property interest. To have a property interest in a benefit conferred by a statute, a person must have a legitimate claim of entitlement

to it (*see, Board of Regents v Roth,* 408 US 564, 576-577). Petitioner cannot satisfy this burden as we have held that the exemption contained in Penal Law § 265.20 is not a vested right (*see, Matter of Salata v Tolman,* 38 AD2d 991; *see also, People v Epperson,* 179 AD2d 92, 94, *affd* 82 NY2d 697). Therefore, petitioner's due process argument must fail. Petitioner's attempt to implicate Civil Service Law § 72 with its panoply of due process protections must also fail since that statute is applicable only when an employee is placed on an involuntary leave of absence.

Petitioner next contends that Directive No. 2020 has no force and effect as it was not promulgated as a rule pursuant to the State Administrative Procedure Act. We disagree. A rule annunciates a fixed general principle that is applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute the agency administers (*see, Matter of New York City Tr. Auth. v New York State Dept. of Labor,* 88 NY2d 225, 229). Directive No. 2020 is clearly not a rule since its application depends upon respondent's assessment of individualized circumstances which in this instance was petitioner's mental or emotional condition (*compare, Matter of Schwartfigure v Hartnett,* 83 NY2d 296, 301). Additionally, since the directive only concerns respondent's internal management and does not directly or significantly affect the public, it does not fall within the rulemaking procedures of State Administrative Procedure Act § 102 (2) (b) (i).

Lastly, petitioner seeks an annulment of respondent's determination on the ground that it is arbitrary and capricious. Under this standard of review, our inquiry is limited to whether the agency's determination has a rational basis supported by fact (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Brown v New York State Dept. of Health,* 235 AD2d 957, *lv denied* 89 NY2d 814). In this instance, the psychologist, who had contact with petitioner as the result of a Family Court matter, reported that petitioner came to his office demanding a copy of the report he had prepared for Family Court. When petitioner's request was denied, he became belligerent and abusive, refusing repeated requests to leave the office until the police arrived and escorted him out. As mentioned, based on this conduct, the psychologist concluded that petitioner was dangerous. While petitioner questions the accuracy of the psychologist's report, it is not our function to weigh the evidence or decide credibility issues (*see, Matter of Remmers v DeBuono,* 241 AD2d 587, 588). Accordingly, assessing this rec-

ord, we find that respondent's determination prohibiting petitioner from carrying a weapon while off duty was rational. Further, in the absence of proof that petitioner's mental or emotional health has improved to the point that he is no longer dangerous, respondent's determination to continue the prohibition was rational.

For these reasons, we affirm.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.