■ In the Matter of HMI MECHANICAL SYSTEMS, INC., et al., Appellants, v JAMES J. MCGOWAN, as Commissioner of the New York State Department of Labor, et al., Respondents. [716 NYS2d 426] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered December 27, 1999 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents regarding their adoption of enforcement policies relative to Labor Law § 220.

In addition to mandating the payment of prevailing wages, Labor Law § 220 requires contractors on public works projects to pay prevailing supplements. "Supplements" are defined as including such benefits as health, welfare, non-occupational disability, retirement, vacation, holiday pay and life insurance (see, Labor Law § 220 [5] [b]).

Early in 1999, petitioners HMI Mechanical Systems, Inc., a contractor regularly employed on public works projects, and Compensation Programs, Inc., an operator and administrator of pension and welfare plans for contractors such as HMI, commenced an action in Federal court seeking a declaration that respondents are preempted by the Employee Retirement Income Security Act (hereinafter ERISA) from investigating supplements previously paid by petitioner HMI and from using an annualization method in calculating the cash equivalents of those supplements (see, HMI Mech. Sys. v McGowan, US Dist Ct, ND NY, Mar. 8, 2000, Scullin, Jr., J.).

In May 1999, during the pendency of the Federal court action, respondents issued a notice informing contractors on public works projects of the policies of respondent Department of Labor regarding the payment of prevailing supplements on behalf of workers into ERISA-qualified benefit plans. Purporting "to correct any misunderstanding of the Department's policy and remind all affected parties of their obligations under the law," the notice stated, among other things, that contractors who use payments into plans to obtain benefits for individuals other than those on whose behalf the payments were made or who make payments into a plan to obtain benefits for a period of time during which the worker has engaged on a private project are not in compliance with the Labor Law or applicable regulations (12 NYCRR part 220). However, because of the apparent misconception that compliance as to such payments could not be enforced by the Department due to preemption by ERISA, the notice also indicated that only contractors misusing such plans after a stated grace period would be found in willful violation of the Labor Law.

In response to this notice, petitioners commenced this CPLR article 78 petition seeking annulment of the notice and a judicial determination that respondents' approach to enforcing Labor Law § 220 is invalid and unenforceable because it had not been formally adopted pursuant to the rule-making procedures of the State Administrative Procedure Act. In December 1999, Supreme Court dismissed the CPLR article 78 proceeding holding that respondents' notice fell within the "interpretation" exception of the State Administrative Procedure Act and, therefore, it should not be considered a rule subject to that act. Thereafter, the Federal court resolved the underlying substantive issue by dismissing the Federal action on the ground that respondents' investigation of petitioners' payment of supplements was not preempted by ERISA (*HMI Mech. Sys. v McGowan, supra*). Petitioners now appeal from Supreme Court's dismissal.

Petitioners allege that in issuing the notice and in applying the annualization calculations set forth in 12 NYCRR 220.2 (c) in its investigations of contractors' payments of supplements, the Department reversed its long-standing policy of acknowledging the preemptive effect of ERISA and established new "rules" that could not be implemented without adopting new regulations and complying with State Administrative Procedure Act rule-making procedures. Respondents contend that the notice merely reflected a change in the Department's interpretation of the extent of ERISA preemption and its ability to enforce the underlying statutes and regulations. They maintain that the notice is not the source of the rule prescribing the annualization of contractor contributions to ERISA plans and does not constitute a "rule" subject to the State Administrative Procedure Act because expiration of the stated grace period would not be determinative of whether a violation of the Labor Law has occurred but only of whether such a violation would be found to have been willful.

In analyzing petitioners' challenge to respondents' notice, we note initially that in relevant part, State Administrative Procedure Act § 102 (2) (a) defines a "rule" as "the whole or part of each agency statement, regulation or code of general applicability that implements or applies law * * * or the procedure or practice requirements of any agency, including the amendment, suspension or repeal thereof." It also expressly exempts "forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]).

Here, the notice challenged by petitioners describes how the Department enforces the Labor Law with regard to payments of supplements and recites the Department's interpretation of the requirements of Labor Law § 220. The notice is informative in that it advises that the use of supplement payments to obtain benefits for workers other than those on whose behalf the payments were made and the making of payments for periods during which the worker was engaged in private work do not comply with statutory and regulatory requirements. The notice relies on existing regulations and laws for its stated conclusions. It thus is interpretive and falls within the exception provided in the State Administrative Procedure Act (*see,* State Administrative Procedure Act § 102 [2] [b] [iv]; *see, Matter of Rubin v New York State Educ. Dept.,* 210 AD2d 550, 552; *see also, Matter of Town of Middletown v State Bd. of Real Prop. Servs.,* 272 AD2d 657, 660, *lv denied* 95 NY2d 761; *Matter of Burns v New York State Off. of Vocational & Educ. Servs. for Individuals with Disabilities,* 233 AD2d 781, 782-783, *lv dismissed* 89 NY2d 1002).

Finally, we find no merit in the contention by petitioners and *amicus curiae* that contractors relied on respondents' former policy of not enforcing the Labor Law with regard to payment of supplements and that it is, therefore, unfair for respondents to investigate past payments and enforce the law "retroactively." We note that the Labor Law and related regulations applicable to supplements were well known to contractors on past public projects and have not changed. As a result, we do not consider the Department's current investigation of past practices, which have always failed to comply with the law but were unregulated due to a perceived procedural constraint, to be an improper retroactive application of the law. The notice does nothing more than communicate to contractors that violations occurring after the grace period will be prosecuted as willful.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.