■ In the Matter of ILHOM TAHER et al., Petitioners, v ANTONIA C. NOVELLO, as Acting Commissioner of New York State Department of Health, et al., Respondents. [718 NYS2d 520] —Determinations unanimously confirmed without costs and petition dismissed. Memorandum: Although petitioners have not raised a substantial evidence question and thus this proceeding was improperly transferred to this Court pursuant

to CPLR 7804 (g), we will retain the proceeding and consider the merits in the interest of judicial economy (*see, Matter of Dubb Enters. v New York State Liq. Auth.,* 187 AD2d 831, 832).

Petitioners, Medicaid recipients residing at a skilled nursing facility, challenge the determinations denying their requests for prior approval for the purchase of items of durable medical equipment under the medical assistance program (*see,* 18 NYCRR part 513). Petitioners' requests were denied based upon the determinations of respondent agency that the cost of the equipment is included in the skilled nursing facility's reimbursement rate under the applicable regulations (*see,* 10 NYCRR 415.26 [i] [1] [vii] [k]; 18 NYCRR 505.5 [d] [1] [iii]). "An agency's interpretation of its regulations must be upheld unless the determination is 'irrational and unreasonable' " (*Matter of Marzec v DeBuono,* 95 NY2d 262, 266, quoting *Seittelman v Sabol,* 91 NY2d 618, 625). The interpretation of the regulations by respondent agency is not irrational or unreasonable. Nor is its interpretation contrary to Social Services Law § 365-a or 42 USC § 1396. Finally, contrary to petitioners' contention, the interpretation of the regulations by respondent agency does not involve the application of a fixed, general principle " 'without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers' " (*Matter of New York City Tr. Auth. v New York State Dept. of Labor,* 88 NY2d 225, 229; *cf., Matter of Cordero v Corbisiero,* 80 NY2d 771, 772-773). Therefore, the requirements of article 2 of the State Administrative Procedure Act do not apply (*see, Matter of New York City Tr. Auth. v New York State Dept. of Labor, supra,* at 229). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present— Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.