■ In the Matter of RAVINDER PAL SINGH et al., Appellants, v TAXI AND LIMOUSINE COMMISSION OF THE CITY OF NEW YORK, Respondent. [723 NYS2d 476] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 28, 2000, which, to the extent appealed from, denied and dismissed the petition seeking to vacate and annul a determination of respondent, denying petitioner's application to renew his taxicab license, unanimously reversed, on the law, without costs, and the petition granted to the extent of remanding the matter to respondent for further proceedings in accordance with the decision herein.

The Taxi and Limousine Commission's (TLC) change of policy, shortening the grace period for renewal of an operator's license from six months to 30 days after the license expired, was void for failure to comply with the New York City Administrative Procedure Act (NY City Charter §§ 1041-1046) and, consequently, TLC's denial of petitioner's renewal application was arbitrary and capricious. The policy change, which materially affected the rights of all such licensees equally and without exception, effectively amounted to the adoption of a new "rule" (see, NY City Charter § 1041 [5] [a] [iii]; *1700 York Assocs. v Kaskel*, 182 Misc 2d 586, 593-594; *see also, Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301; *Matter of Cordero v Corbisiero*, 80 NY2d 771, 772-773). Since New York City Charter § 1043 (d) requires that before TLC can adopt a new rule it must hold public hearings on the proposed change, its failure to do so rendered the new grace period a nullity (see, *1700 York Assocs. v Kaskel*, supra at 595). Thus petitioner's renewal application, only two months late, was well within the six-month period and it was arbitrary and capricious to deny it. We also reject TLC's contention that the denial should be upheld because the underlying rule (35 RCNY 2-05 [c]), to which the grace period policy applies, requires that renewals be completed prior to the expiration of the license and does not state a grace period, although it does permit late filings for an additional fee. Since even the new policy provided a one-month grace period, denial on such grounds would also be arbitrary and capricious (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.