■ In the Matter of MOHAMMED Z. MIAH, Respondent, v TAXI AND LIMOUSINE COMMISSION OF THE CITY OF NEW YORK, Appellant. [760 NYS2d 845] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about May 29, 2002, directing respondent Taxi and Limousine Commission to issue a temporary license to petitioner, unanimously affirmed, without costs.

The policy applied to petitioner, pursuant to which respondent, for the purpose of computing the points to be charged against petitioner under respondent's Program for Persistent Violators of Taxicab Drivers Rules (35 RCNY 2-70), treated petitioner's defaults in appearing in response to charges of misconduct as violations arising from incidents separate from the charged misconduct, amounted to a rule change requiring compliance by respondent with the public hearing procedures set forth in the New York City Administrative Procedure Act (*see* NY City Charter § 1043). It is undisputed that the policy at issue was intended to be applied generally to all cab drivers seeking renewal of their taxi driver's licenses, without regard to individual circumstances or mitigating factors, and it is indisputable that it materially affected the rights of all such licensees equally and without exception (*see Matter of Singh v Taxi & Limousine Commn. of City of N.Y.*, 282 AD2d 368 [2001], *lv denied* 96 NY2d 720). Inasmuch as it is plain that respondent's new rule was not duly adopted in accordance with the procedures set forth in the New York City Administrative Procedure Act, the revocation of petitioner's taxi driver's license pursuant to that rule was arbitrary and capricious (*see id.*). Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.