In the Matter of HD SERVICES, LLC, Doing Business as KENSINGTON SHAREHOLDER SERVICES, Respondent, v NEW YORK STATE COMPTROLLER, Appellant. [858 NYS2d 448]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered January 29, 2007 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to comply with the Abandoned Property Law and process certain claims in the absence of a notarized finder agreement.

The State Office of Unclaimed Funds (hereinafter OUF) is a branch of respondent and serves as the recipient, fiduciary and disbursement office for abandoned or unclaimed assets held by respondent. Companies such as petitioner are referred to as "finders" and are engaged in the business of locating individuals who are entitled to such property and then assisting them with filing claims to recover their assets. Pursuant to Abandoned Property Law § 1416, no agreement between a property owner (hereinafter claimant) and a finder to locate property held by respondent is valid "unless that agreement: (a) is in writing and signed by the property owner; (b) discloses the nature of the property; and (c) discloses the name and address of the holder." Such agreements are submitted to OUF as part of the

claim process and must be accepted prior to the release of confidential information or delivery of payment to the finders on behalf of the claimants. According to OUF's Director, "[a]lthough notarization of Finder's agreements is not expressly required by statute, it [has been] the long established requirement of OUF" that the claimants' signatures be notarized.[1]

Nevertheless, the record indicates that, in 2004, petitioner requested approval from OUF of a revised finder agreement form that, among other things, did not provide for notarization. Petitioner was advised that this was not acceptable and any unnotarized finder agreements received after a certain date would be rejected, with processing of those claims suspended pending submission of forms that OUF deemed appropriate. Thereafter, following additional disagreements between petitioner and OUF regarding other proposed changes to the contents of petitioner's forms, petitioner commenced this CPLR article 78 proceeding claiming, among other things, that a notarized finder agreement is not required by Abandoned Property Law § 1416 and OUF's requirement in that regard amounted to a rule mandating compliance with the State Administrative Procedure Act. Along with other relief, petitioner sought to compel OUF to process finder agreements without notarizations. Supreme Court, among other things, granted the petition to the extent of finding that the challenged notarization requirement was an unpromulgated rule that could not be enforced. Respondent now appeals.[2]

Respondent maintains that Supreme Court improperly held that the notarization requirement constitutes a rule under State Administrative Procedure Act § 102 (2). We do not agree. A rule is " 'a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers' " (*Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 229 [1996], quoting *Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]; *see Matter of Cordero v Corbisiero*, 80 NY2d 771, 772-773 [1992]; *Matter of Taylor v New York State Dept. of Correctional Servs.*, 248 AD2d 799, 800 [1998]). While it is true, as

1. Notably, the Abandoned Property Law expressly provides for verified documents under certain circumstances in other sections of the statute (*see e.g.* Abandoned Property Law § 301 [1]; § 401 [1]; §§ 503, 603, 1406, 1408), but there is no such requirement for claimants specifically stated with respect to Abandoned Property Law § 1416.

2. We note that although petitioner originally filed a cross notice of appeal challenging those aspects of Supreme Court's judgment which ruled in favor of OUF, petitioner has now withdrawn its cross appeal.

pointed out by respondent, that the State Administrative Procedure Act exempts from the definition of "rule" those "forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]; *see Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 279 [2003]; *Matter of Suffolk Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.*, 47 AD3d 133, 136 [2007], *lv granted* 10 NY3d 706 [2008]; *Matter of HMI Mech. Sys. v McGowan*, 277 AD2d 657, 658 [2000], *lv denied* 96 NY2d 705 [2001]; *see also Cubas v Martinez*, 8 NY3d 611, 621 [2007]), we do not find that this exemption applies herein.

Notably, respondent proffers several arguments in support of his assertion that notarization is a reasonable requirement. Nonetheless, regardless of the merit of these contentions, the fact remains that notarization, as enforced by OUF, was a nondiscretionary and "rigid . . . policy invariably applied across-the-board . . . without regard to individualized circumstances or mitigating factors" (*Matter of Senior Care Servs., Inc. v New York State Dept. of Health*, 46 AD3d 962, 964-965 [2007] [internal quotation marks and citation omitted]; *see Matter of Cordero v Corbisiero*, 80 NY2d at 772-773; *Matter of Pallette Stone Corp. v State of N.Y. Off. of Gen. Servs.*, 245 AD2d 756, 758 [1997]). Therefore, we find no basis to disturb Supreme Court's ruling that OUF's finder agreement notarization policy was, in fact, a rule and, thus, it was required to comply with the State Administrative Procedure Act (*see Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301 [1994]).

Carpinello, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.