■ In the Matter of PHARMACISTS SOCIETY OF STATE OF NEW YORK, INC., Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [870 NYS2d 633]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered October 18, 2007 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

The Department of Health (hereinafter DOH) is the state

agency responsible for administering the state's Medicaid program (*see* Social Services Law § 363-a; 18 NYCRR 504.1 [d] [12]) and, within DOH, the Office of Medicaid Inspector General (hereinafter OMIG) is responsible for detecting and preventing fraud and abuse of the program (*see* Public Health Law § 32). The program provides, among other things, medically necessary drugs to eligible recipients (*see* Social Services Law § 365-a [2] [g]; [4] [a]; 18 NYCRR 505.3). Pursuant to 18 NYCRR 505.3, drugs are obtained by recipients upon a practitioner's written order, which is required to contain "the ordering practitioner's name, address, telephone number, United States Drug Enforcement Agency (DEA) number (if applicable), and either the practitioner's [Medicaid Management Information System (hereinafter MMIS)] provider identification number, the practitioner's license number or the certification number of the facility in which the drugs were ordered" (18 NYCRR 505.3 [b] [2]).

In December 2003, DOH published a Medicaid Update instructing medical practitioners to include their license or MMIS number on all written orders for drugs. In its March 2004 Update, DOH implemented a policy disfavoring Medicaid-participating pharmacists' use of only the facility certification number when submitting claims for reimbursement upon filling such orders, requesting instead that pharmacists use the medical practitioner's license or MMIS number. Notwithstanding DOH's instructions, a large number of pharmacies continued to submit claims bearing only a facility certification number. In June 2006, OMIG selected 65 of those pharmacies for prepayment review (*see* 18 NYCRR 504.8 [c]) and discovered that, in many cases, only the facility certification number had been used on claims despite the inclusion of the practitioner's MMIS or license number on the underlying written orders submitted by the medical practitioners to the pharmacies. As a result, OMIG began denying claims made by those pharmacies that included only the facility certification number.*

Petitioner, an advocacy organization representing approximately 4,000 New York pharmacists, commenced this combined CPLR article 78 proceeding and declaratory judgment action alleging that, through the Medicaid Updates, DOH violated the State Administrative Procedure Act by amending the requirements of 18 NYCRR 505.3 (b) (2). Specifically, petitioner argued that by eliminating the option for practitioners to use facility

---

* Pursuant to 18 NYCRR 540.6 (a) (2), those pharmacies then had 60 days to resubmit the claims using the medical practitioner's license or MMIS number.

provider numbers in written drug orders, DOH implemented a new rule without notice to the Secretary of State and without affording the public an opportunity to submit comments on the change (*see* State Administrative Procedure Act § 202 [1]). Petitioner further contended that OMIG then enforced that rule against *pharmacists* by rejecting their claims for reimbursement where the practitioners had failed to follow the mandates of the new rule. In lieu of answering, respondents moved to dismiss the petition/complaint. Supreme Court granted the motion and petitioner now appeals.

On appeal, petitioner contends that, by amending 18 NYCRR 505.3 (b) (2) through the Medicaid Updates, DOH improperly implemented a blanket rule, within the meaning of the State Administrative Procedure Act (*see Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 229 [1996]), denying all pharmacy claims for reimbursement submitted with only a facility certification number but without the medical practitioner's license or MMIS number. We are not persuaded. Initially, we note that 18 NYCRR 505.3 (b) (2) applies to *prescribers* of drugs, not to the *pharmacists* represented by petitioner. Moreover, the Medicaid Updates at issue, as they apply to pharmacists, do not prohibit submission of claims using only a facility certification number but, rather, specify that such practice may be used as a "last resort." The Updates excuse pharmacies from including the practitioner's license or MMIS number if the pharmacist is "certain that the [written order] is from a legitimate prescriber and their [*sic*] license number or MMIS number is readily available in the records of the pharmacy." (2004 NY St Dept of Health, Medicaid Update, vol 19, No. 3 [Mar. 2004].) Requiring pharmacies to submit claims in such a manner is consistent with the applicable regulation, which states that claims for reimbursement are to be submitted "on officially authorized claim forms in the manner specified by [DOH] in conformance with the standards and procedures for claims submission" (18 NYCRR 504.3 [f]; *see* Social Services Law § 367-a [1] [a]).

In any event, even if the Updates were construed as mandating the inclusion of the practitioner's license or MMIS number on all pharmacy claims for reimbursement, such requirement would constitute an interpretive statement of 18 NYCRR 504.3 (f)—the regulation governing reimbursement—which would be exempt from formal rulemaking under the State Administrative Procedure Act (*see* State Administrative Procedure Act § 102 [2] [b] [iv]; *see e.g. Cubas v Martinez*, 8 NY3d 611, 620-621 [2007]). Such interpretive statement would not be arbitrary and capri-

cious (*see Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 279 [2003]) inasmuch as, by requiring such information to be included on claim forms, DOH would be able to properly prevent the payment of claims for drugs ordered by unlicensed medical practitioners or medical practitioners excluded from the Medicaid program, consistent with good audit practices and public policy.

Based on the foregoing, we cannot conclude that Supreme Court improperly granted respondents' motion to dismiss the petition/complaint.

Cardona, P.J., Rose and Stein, JJ., concur; Spain, J., not taking part. Ordered that the judgment is affirmed, without costs.