# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**910**

**TP 14-00128**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF BRENDA BERNIER, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH, RESPONDENT.

---

NEIGHBORHOOD LEGAL SERVICES, INC., BUFFALO (DIANA M. STRAUBE OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Henry J. Nowak, Jr., J.], entered January 22, 2014) to review a determination of respondent. The determination denied petitioner's request for a modular wheelchair ramp.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to review respondent's determination made after a fair hearing denying her a modular wheelchair ramp. Respondent determined that the ramp did not meet the definition of durable medical equipment (DME) pursuant to 18 NYCRR 505.5 (a) (1). Contrary to petitioner's contention, respondent's determination is supported by substantial evidence (*see generally Matter of Coffey v D'Elia*, 61 NY2d 645, 648; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180). In addition, "[a]n agency's interpretation of its regulations must be upheld unless the determination is irrational and unreasonable" (*Matter of Taher v Novello*, 278 AD2d 809, 810, *lv denied* 96 NY2d 712 [internal quotation marks omitted]; *see Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 280; *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549), and we conclude that respondent's determination that ramps do not fit within the definition of DME is rational. DME is equipment that is "primarily and customarily used for medical purposes" and that is "generally not useful to a person in the absence of an illness or injury" (18 NYCRR 505.5 [a] [1] [ii], [iii]). We agree with respondent that ramps may be useful to people, generally, even in the absence of an illness or injury. We have considered petitioner's

remaining contentions and conclude that they are without merit.