■ In the Matter of RHONA G. STANLEY, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [710 NYS2d 353] —Determination of respondent New York State Department of Health dated June 17, 1998, which excluded petitioner from participation in the Medicaid program for a period of five years, and directed her to make restitution of $121,217 for Medicaid overpayments attributed to improper record keeping and to billings for orthodontic services that petitioner was not authorized to provide, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Helen Freedman, J.], entered May 14, 1999), dismissed, without costs.

Following an audit of a sample of petitioner's Medicaid billings and a hearing, respondent disallowed certain of the billings on the ground that they were not supported by adequate records (18 NYCRR 515.2 [b] [6]), and other of the billings on the ground that they were for orthodontic services beyond the scope of petitioner's professional qualifications or licensure as a dentist (18 NYCRR 515.2 [b] [12]). As a result of these "unacceptable practices," respondent concluded that petitioner had been overpaid in the amount of $121,217, for which it directed restitution.

Petitioner challenges the finding that orthodontics was beyond the scope of her professional qualifications or licensure, arguing that at all relevant times she possessed the requisite skill and training to perform orthodontics, and that 18 NYCRR

506.4 (d), which states that "[o]rthodontic care shall be provided only by qualified orthodontists," does not require anything more. Although the term "qualified orthodontists" is not defined in respondent's regulations, respondent rationally concluded, by proper reference to the Medicaid Management Information System (MMIS) Provider Manual (*see*, 18 NYCRR 504.3 [i]; *Matter of Lock v New York Dept. of Social Servs.*, 220 AD2d 825, 827), that a "qualified orthodontist" is a dentist who qualifies as a "specialist" in orthodontics by reason of having one of the three certifications described in 18 NYCRR 506.1 (c). Section 2.2.1.2 of the MMIS Provider Manual, under the heading "Qualifications of Specialists," states that "all dentists enrolled in MMIS are eligible for reimbursement for all types of services except for orthodontic care," and states that "only those practitioners who are designated through procedures set forth in the MMIS Provider Manual will be reimbursed for * * * orthodontics" (at 5-1 [rev No. 7/92]). Thus, it is clear that the MMIS Provider Manual intends that orthodontics be treated separately from general dentistry and that not every dentist should be eligible for reimbursement for orthodontic care. The standard of eligibility drawn by respondent is based on 18 NYCRR 506.1 (c), and since petitioner admittedly does not have any of the three certifications described therein that makes a dentist a specialist, the determination that she committed an "unacceptable practice" by furnishing services beyond the scope of her professional qualifications or licensure is supported by substantial evidence.

It does not shock our sense of fairness that petitioner should be required to return money paid to her for services that she should not have billed in the first place. We would also note that petitioner's assertion that she believed in good faith that she was authorized under respondent's rules and regulations to bill for these orthodontic services is belied by the fact that she did not use the orthodontic billing codes when submitting bills therefor.

With respect to that part of the directive for restitution as is based on the claims disallowed for inadequate records (18 NYCRR 518.3 [b]), petitioner asserts that the records were kept but misplaced, and that their production would in any event have been futile because they all involved services for orthodontic services that respondent would have disallowed. It does not shock our sense of fairness that such excuses for the failure to keep the required records were rejected by respondent as unacceptable. Under all the circumstance, the five-year exclusion from the Medicaid program is not an excessive

penalty. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.