■ In the Matter of A.R.E.B.A. CASRIEL, INC., Petitioner, v ANTONIA C. NOVELLO, M.D., M.P.H., as Commissioner of Health, et al., Respondents. [748 NYS2d 547] —Determination of respondent Commissioner of Health, dated June 15, 2001, which directed that petitioner make restitution in the amount of $2,640,803 for Medicaid overpayments attributed to petitioner's billing for alcoholism rehabilitation services in amounts exceeding those permissible given the number of beds certified for such services at petitioner's facility, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Bruce Allen, J.], entered April 22, 2002), dismissed, without costs.

Following an audit of petitioner's Medicaid billings for 1996 and a hearing, respondent disallowed certain billings in that year for inpatient alcoholism rehabilitation on the ground that petitioner had billed and received payment for services in excess of those permitted at its facility, given the number of certified beds then available to petitioner for inpatient alcoholism rehabilitation (*see* Program Standards for Inpatient Alcoholism Programs [14 NYCRR] § 381.2 [c]; § 381.4 [c]). Restitution in the amount of the calculated overpayment was then directed by respondent in the determination here

reviewed. Petitioner argues that although it concededly exceeded the number of beds for which it was certified to provide alcoholism rehabilitation services in 1996, it did not exceed its total number of certified beds for all services in that year, and that the services for which it was allegedly overpaid were competently provided. Thus, petitioner contends that respondent's determination, directing reimbursement of the alleged overpayments, is arbitrary and capricious. We reject the argument. A Medicaid provider is liable for reimbursement of any overpayment (Department of Social Services Policies and Standards Governing Provision of Medical and Dental Care, Recovery and Withholding of Payments or Overpayments [18 NYCRR] § 518.3) and an overpayment "includes any amount not authorized to be paid under the medical assistance program" (18 NYCRR 518.1 [c]). Medicaid payments are only authorized when providers and their services are in compliance with all applicable statutes, rules and regulations (see Social Services Law § 365-a [2] [n]; 18 NYCRR 504.3). It is uncontested that petitioner, in violation of applicable regulations, sought and received Medicaid payments for inpatient alcoholism rehabilitation treatment rendered in inpatient beds not certified for such treatment. Petitioner was fully aware of the regulations and the proper procedure for seeking to increase the number of eligible beds for any particular service, having utilized this procedure in the past, but evidently chose to ignore certification requirements and bypass the proper procedure for increasing its number of certified beds for its inpatient alcoholism rehabilitation service. It is irrelevant that the services in question were provided properly, since they were provided without the certification necessary to seek payment from the Medicaid system (see Matter of Stanley v DeBuono, 273 AD2d 169).

In directing repayment of the overpaid amounts, respondent was not required to consider the enumerated factors under 18 NYCRR 515.4 (b), since petitioner's reimbursement of the unauthorized payments is not a sanction or penalty, but merely a remedy in the nature of recoupment.

We have considered petitioner's remaining arguments, including those urging that the applicable regulations are unconstitutionally vague and that the reimbursement directed amounts to a double recovery, and find them unavailing. Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.