■ In the Matter of CORNERSTONE OF MEDICAL ARTS CENTER HOSPITAL, INC., Respondent, v ANTONIA C. NOVELLO, M.D., as Commissioner of Health of the State of New York, Appellant.

[758 NYS2d 627] —Order, Supreme Court, New York County (Rosalyn Richter, J.), entered January 15, 2002, which granted the petition to vacate the decision of an Administrative Law Judge dated April 9, 2001, made after a hearing, which affirmed the audit determination made by the New York State Department of Health, dated April 25, 2000, which directed petitioner to make restitution in the amount of $1,538,838 for Medicaid overpayments attributed to petitioner's billing for alcoholism rehabilitation services in amounts exceeding those permissible given the number of beds certified for such services at petitioner's facility, unanimously reversed, on the law, without costs, the petition denied, the proceeding dismissed and the determination confirmed and reinstated.

Petitioner commenced this CPLR article 78 proceeding to challenge the Department of Health's (DOH) determination requiring restitution by petitioner of Medicaid overpayments made in connection with petitioner's billing for inpatient alcoholism services provided in excess of petitioner's certified bed capacity during calendar year 1996. Petitioner was certified to provide specified numbers of beds for alcoholism treatment and for substance abuse treatment, but Medicaid reimburses only alcoholism treatment. Petitioner notes that it was responding to a city-wide shortage of beds for alcoholism treatment at that time, which led it to make substance abuse-certified beds available for alcoholism treatment, that during 1996 it formally requested an amendment of its operating certificate to increase the number of alcoholism beds, that approval was granted on December 19, 1996, and the operating certificate was then amended retroactive to October 15, 1996. DOH's subsequent audit took into account that petitioner was certified for the additional alcoholism beds as of October 15, 1996, but noted also that treatment of patients in excess of the designated number of beds for 1996 was not reimbursable. As such, DOH sought recoupment of $1,538,838. At the subsequent administrative hearing, the Administrative Law Judge (ALJ) reviewed the pertinent Medicaid statutory and regulatory authority (18 NYCRR 518.1, 504.3; Social Services Law § 365-a [2] [n]). The ALJ found that reimbursement had improperly been made to petitioner in connection with a number of alcoholism beds that had exceeded the maximum number for which certification had been provided, and that, as such, the program, operating in excess of its licensed capacity, had not been operated in compliance with relevant law. Hence, recoupment was properly sought by DOH as to those services that had not been certified by DOH's Office of Alcoholism and Substance Abuse Services.

Although, upon review, Supreme Court criticized DOH for relying too narrowly upon the bed certification requirement and ostensibly for ignoring consideration of whether the challenged services were medically necessary, we cannot conclude that DOH acted irrationally in this regard. In view of the standards that circumscribe judicial review of such determinations, we must reverse Supreme Court and reinstate the administrative determination. As we have recently stated under analogous circumstances (*Matter of A.R.E.B.A. Casriel v Novello*, 298 AD2d 134 [2002]), it is irrelevant to this determination that the services in question were provided properly; rather, the inquiry is whether they were provided without the certification necessary to seek reimbursement from the Medicaid system and which operates as a condition precedent to reimbursement for the medical provider. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.