■ In the Matter of First to Care Home Care, Inc., Petitioner, v Antonia Novello, M.D., as Commissioner of the New York State Department of Health, Respondent. [825 NYS2d 198]—

Determination of respondent Commissioner of Health, dated November 5, 2004, sustaining audit adjustments of petitioner's Medicaid billings and directing petitioner to make restitution in the amount of $420,017 for Medicaid overpayments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald Zweibel, J.], entered August 2, 2005) dismissed, without costs.

Respondent disallowed certain of petitioner's billings for the provision of personal care and housekeeping services for residents in an adult home on the grounds that the billings constituted an unacceptable practice in that the services provided supplanted or duplicated personal services that the adult home was statutorily obligated to provide and for which it had been reimbursed with the residents' Supplemental Security Income (18 NYCRR 515.2 [b] [1] [i] [c]; [b] [11]), and that petitioner failed to seek payment from a liable third party (18 NYCRR 540.6 [e] [1], [3] [iii]), namely, the adult home. Contrary to petitioner's argument, liable third parties are not limited to private insurers and Medicare but include anyone with legal liability to the Medicaid recipient (see e.g. Gold v United Health Servs. Hosps., 95 NY2d 683 [2001] [persons liable in tort to Medicaid recipient]; Matter of Costello v Geiser, 85 NY2d 103 [1995] [unwed father statutorily liable for child's medical costs];

*Commissioner of Dept. of Social Servs. of City of N.Y. v Spellman,* 243 AD2d 45 [1998] [husband liable for spouse's nursing home costs]). Here, the adult home was statutorily obligated to provide the housekeeping and personal care services that petitioner provided (18 NYCRR 487.7 [a]). Respondent's determination that petitioner provided residents housekeeping services and "some assistance" with personal care services, and not "total assistance," thus duplicating the services that the adult home was statutorily required to provide and for which the home had already been reimbursed, is supported by substantial evidence in the record. Since petitioner failed to comply with the applicable regulations, respondent was entitled to recover from petitioner the overpayments (18 NYCRR 518.1 [c]; *see Matter of A.R.E.B.A. Casriel v Novello,* 298 AD2d 134, 135 [2002], *lv denied* 100 NY2d 506 [2003]). We have considered petitioner's remaining arguments and find them to be unavailing. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.