Matter of Beth Israel Med. Ctr. v New York State Off. of Medicaid Inspector Gen. (2023 NY Slip Op 05678)

Matter of Beth Israel Med. Ctr. v New York State Off. of Medicaid Inspector Gen.

2023 NY Slip Op 05678

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 158412/20 Appeal No. 1019M-4070 Case No. 2022-03821 

[*1]In the Matter of Beth Israel Medical Center, Petitioner,
v
New York State Office of Medicaid Inspector General et al., Respondents. Healthcare Association of New York State (HANYS) and Greater New York Hospital Association (GNYHA), Amici Curiae.

Nixon Peabody LLP, Albany (Daniel J. Hurteau and Erik A. Goergen of counsel), for petitioner.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondents.
Harris Beach PLLC, Uniondale (Roy Breitenbach and Christine D. Vasconcellos of counsel), for amici curiae.

Determination of respondent Department of Health (DOH), dated April 24, 2020, which, upheld the final audit report of respondent New York State Office of Medical Inspector General (OMIG), after a hearing, that petitioner received overpayments of Medicaid reimbursements totaling $7,745,764, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered April 21, 2021) unanimously dismissed, without costs.
Medicaid providers must retain records demonstrating entitlement to payments for six years and produce them at audit (Dept of Social Servs Regs [18 NYCRR] §§ 504.3 [a], [18 NYCRR] § 517.3 [b] [1]-[2]). Also, "each service" provided in an opioid treatment program (OTP), the subject of OMIG's audit here, "must be documented as a covered Medicaid service" (Dept of Mental Hygiene Regs [14 NYCRR] § 822.6 [d] [1]-[3]). "Medicaid payments are only authorized when providers and their services are in compliance with all applicable statutes, rules and regulations" (Matter of A.R.E.B.A Casriel v Novello, 298 AD2d 134, 135 [1st Dept 2002], lv denied 100 NY2d 506 [2003]).
The challenged determination is supported by substantial evidence (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The record demonstrates that, for 11 of 100 sampled claims submitted in connection with petitioner's OTP, petitioner failed to produce sufficient documentation to demonstrate entitlement to payment under New York State regulations. 
Petitioner's production of documents after the final audit report was issued but before the DOH hearing is unavailing, as a medical provider "may not . . . raise any new matter" at a hearing "not considered by the department upon submission of objections to a draft audit" (18 NYCRR 519.18 [a]). Moreover, any testimony proffered by petitioner at the hearing does not warrant overturning the final DOH determination, as "courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (Matter of CafÉ La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]).
Contrary to petitioner's contention, respondents rationally construed the applicable regulations governing both Medicaid reimbursement generally and record-keeping for OTPs (see Matter of Atlanticare Mgt. LLC v Ives, 212 AD3d 132 [3d Dept 2022]). The parties agree that OMIG, a part of DOH, consulted with the agency that authorizes providers to run OTPs when it developed the OTP-specific audit protocol. As such, the ALJ's interpretation of DOH regulations is rational and entitled to deference (see id.).
We reject petitioner's argument that, even if there is substantial evidence as to the 11 disallowed Medicaid reimbursement claims, respondents should have used a stratified extrapolation methodology to calculate [*2]the overpayment based on whether the claims were for administering medication or providing in-person services such as counseling and examinations. Petitioner cites no authority for this contention. Moreover, its assertion that the over $7 million overpayment finding was grossly inflated because none of the disallowed claims involved medication administration, whereas 80% of its reimbursement claims fit that category, is belied by the record showing that 10 of the 11 disallowed claims received reimbursements for medication administration (see Cornerstone of Medical Arys Ctr Hosp., Inc. v Novello, 304 AD2d 445 [1st Dept 2003]).
We have considered petitioner's remaining contentions and find them unavailing. M-4070 — In the Matter of Beth Israel Medical Center v New York State Office of Medicaid Inspector General et al.
Motion for leave to file amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023