OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division insofar as appealed from should be reversed, with costs, and the determination of the Commissioner of Health directing recoupment of overpayments due to labor costs reinstated.
[I] The conclusion by the Appellate Division that the Commissioner’s determination to readjust retroactively the respondent Westledge Nursing Home’s reimbursement rates and recoup the labor cost overpayments was not supported by substantial evidence, appears to be based upon that court’s finding that there was a binding agreement to use Westledge’s annualized labor costs incurred under their new union contract in order to determine a new reimbursement rate and a finding that the Department of Social Services had exercised its judgment in arriving at the labor cost component of Westledge’s increased rate. By so concluding, the Appellate Division erroneously effected an estoppel against the Department despite the "strong, defined public policy of this State to recover public funds improperly received” (Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 182; Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 34).
The rates at which health care facilities are reimbursed for costs incurred in the delivery of Medicaid services are provisional until the Department performs and completés the required audits (Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, supra; 10 NYCRR 86-2.7 [a]), and where a facility’s reimbursement rates were based upon mathematical *865 miscalculation, computer error, or the submission of false information, the Department may retroactively adjust the rates and recoup overpayments (Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, supra; Matter of Mayflower Nursing Home v Office of Health Sys. Mgt., 59 NY2d 935). While it is recognized that the "right of recoupment does not extend to payments made under a statute which predicates determination of the amount to be paid upon judgmental considerations involving expertise” (Matter of Daleview Nursing Home v Axelrod, 62 NY2d, at p 34, supra), and while the Department may have exercised its judgment in deciding to use annualized labor costs as a basis upon which to increase Westledge’s reimbursement rate mid-term, the record clearly establishes that the reimbursement rates were improperly inflated because, as the parties agree, a mistake was made in treating the month of July 1971 as a representative month from which to annualize costs. This was a mistake of fact which the Department may rectify and the Commissioner therefore was correct in readjusting the rates retroactively and recouping the overpayments.
Moreover, the characterization of the Department’s acceptance and use of Westledge’s submitted cost data, including annualized labor costs, as a binding "agreement” is wholly unwarranted on this record (cf. Matter of Beekman-Downtown Hosp. v Whalen, 44 NY2d 124). Here, the Department, during the course of an appeal from previously set reimbursement rates, used Westledge’s cost projections to determine an increased rate. To characterize such use as creating an "agreement” binding upon the Department would compel the acceptance of unaudited cost data submitted by a facility regardless of the accuracy of that data. Such a construction would patently contravene the statute and the various regulations providing for postsubmission audit of cost reports, retroactive adjustment to rates based on error, and recoupment of over-payments and would impermissibly operate to estop the Department from recouping erroneously made overpayments.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum; Chief Judge Wachtler taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment insofar as appealed from reversed, etc.