■ In the Matter of County of Monroe, on Behalf of Monroe Community Hospital, Respondent, v David Axelrod, as Commissioner of the Department of Health of the State of New York, et al., Appellants.—Judgment unanimously reversed, on the law, without costs, proceeding converted to one for mandamus, and respondents directed to conduct an administrative hearing, in accordance with the following memorandum: Special Term, relying upon *Matter of Cortlandt Nursing Home v Axelrod* (99 AD2d 105), permanently enjoined respondents from recouping Medicaid reimbursement overpayments based upon the over 10-year delay between the time such payments were made and the notice of proposed recoupment. The Court of Appeals subsequently reversed *Cortlandt,* rejecting the view that a 10-year delay in reaching a final rate determination by an administrative agency is unreasonable as a matter of law *(Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 177, *rearg denied* 66 NY2d 1035, *cert denied* — US —, 106 S Ct 1971). It held that the passage of time,

standing alone, does not serve as a basis for judicial intervention, with peremptory effect, into the administrative process and that it is for the administrative body in the first instance to determine upon a plenary hearing whether a period of delay is unreasonable *(Matter of Cortlandt Nursing Home v Axelrod, supra,* pp 177-180).

We agree with Special Term that, under the circumstances, petitioner was not required to exhaust its administrative remedies. Since, however, no administrative hearing was ever held in this matter, petitioner's proceeding should be treated as one in the nature of mandamus to compel the Health Department to conduct a plenary hearing in accordance with governing regulations (10 NYCRR 86-2.7 *et seq.; Matter of Cortlandt Nursing Home v Axelrod, supra,* pp 180, 183). At such hearing, the agency should determine the cause of the delay, the interests implicated in the proceeding and whether substantial prejudice to the facility has resulted from the administrative delay *(Matter of Cortlandt Nursing Home v Axelrod, supra,* p 180). The agency should also determine whether the audit conducted here was timely within the six-year period specified in respondents' own regulations *(see,* 10 NYCRR 86-2.7 [c]). (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—injunction and declaratory judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.