ANTHONY L. JORDAN HEALTH CORPORATION, Doing Busi-

ness as ANTHONY L. JORDAN HEALTH CENTER, Respondent, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Appellants.—Judgment reversed on the law without costs, determination confirmed, and petition dismissed. Memorandum: Respondent Commissioner appeals from a judgment of Supreme Court which annulled his determination downwardly revising petitioner's Medicaid reimbursement rates for the rate years 1983-1984 and 1984-1985; reinstated the reimbursement rates established by stipulation of the parties in a prior rate appeal; precluded the Commissioner from recouping alleged overpayments; and directed the Commissioner to reimburse petitioner for amounts already recouped, plus interest. The Commissioner contends that the court erred in holding that the downward revision of the rates violated the parties' stipulation, and that the court erred in holding that the downward revision of rates was illegal because it was an attempt to correct errors of judgment rather than errors in calculation. We agree with the Commissioner's contentions.

The Commissioner's determination is not contrary to the stipulation settling the prior administrative appeal. By its terms, the stipulation did not preclude the Commissioner from revising petitioner's peer groupings, did not set final rates for each of the rate years in question, and expressly reserved the Commissioner's right to revise rates pursuant to applicable statutes and regulations. The Commissioner was not barred from further revision of petitioner's rates on a basis which was not involved in the prior appeal and which the stipulation of settlement did not address (cf., Matter of Westledge Nursing Home v Axelrod, 113 AD2d 368, 372, revd on other grounds 68 NY2d 862 [held: settlement agreement binds the parties as to the issues settled]).

Additionally, we conclude that the Commissioner was authorized to correct his initial errors in composing the relevant peer groups by revising petitioner's reimbursement rates downward, because the errors were errors of fact as opposed to errors in judgment (see, Matter of Westledge Nursing Home v Axelrod, 68 NY2d 862, 864-865, supra). The record conclusively establishes that, in initially composing the relevant peer groups, the Commissioner in some instances erroneously included, and in others erroneously excluded, cost data pertaining to certain facilities. Those errors of fact can be corrected by the Commissioner (see, Matter of Westledge Nursing Home v Axelrod, supra).

All concur, Pine, J., not participating. (Appeal from judg-

ment of Supreme Court, Monroe County, Siracuse, J.—art 78.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.