■ In the Matter of COUNTY OF MONROE, on Behalf of MONROE COMMUNITY HOSPITAL, Petitioner, v DAVID AXELROD, as Commissioner of the Department of Health for the State of New York, et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner County of Monroe operates the Monroe Community Hospital, an institution for the hospitalization and extended care and treatment of the chronically ill. Petitioner was compensated for services provided to eligible Medicaid recipients at rates established by the respondent Commissioner of Health based upon the facility's reasonable operating costs for an annual period with adjustments for inflation.

Petitioner filed a hospital cost report for 1972, which resulted in the establishment of the Medicaid reimbursement rates to be paid petitioner for the years 1973 and 1974. In

1977, respondents conducted a field audit of petitioner's 1972 base year financial cost reports which was completed in October 1977. The final audit report, however, was not issued until July 1982. This report disallowed some of petitioner's expenses, especially those related to the manner in which petitioner included a pension expense in its cost report. Respondents informed petitioner that there was an overpayment of $987,720 and advised petitioner that they would recoup this alleged Medicaid overpayment by deducting an amount equal to 10% from petitioner's future Medicaid billings.

On a prior appeal, we converted this proceeding to one for mandamus and directed respondents to conduct an administrative hearing to determine the cause for the delay between the time the payments were made and the notice of the proposed recoupment, the interests implicated in the proceeding, whether substantial prejudice to the facility resulted from the administrative delay, and also whether the audit was conducted in a timely manner under respondents' own regulations *(Matter of County of Monroe v Axelrod,* 125 AD2d 981). The hearing has now been conducted and the proceeding has been transferred to our court pursuant to CPLR 7804 (g).

This appeal concerns the propriety of the determination following the hearing wherein it was found that (1) the administrative delay, while mostly attributable to respondents' failure to issue a final report, was not unreasonable as a matter of law, (2) that respondents' audit was commenced well within the six-year period prescribed in the regulations, (3) that respondents were not required to complete the audit within the six-year period, (4) that petitioner has no vested property rights in said Medicaid overpayments and that respondents have a right to seek recoupment of public funds improperly paid, (5) that there was no substantial prejudice to petitioner as a result of the administrative delay, and (6) that respondents were not precluded from continuing administrative proceedings to establish and collect the overpayments.

We find that respondents' interpretation of its regulation (10 NYCRR 86-2.7 [c]) is neither irrational nor unreasonable and should be upheld. The phrase "subject to audit" relating to audit of fiscal and statistical reports was properly interpreted by respondents as requiring that the audit be commenced, rather than completed, within six years *(see, Matter of County of Rockland v Axelrod,* 157 AD2d 960, 961; *see also, Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 194, *lv denied* 70 NY2d 616).

The rates at which health care facilities are reimbursed for

costs incurred in the delivery of Medicaid services are provisional until the Department performs and completes the required audits *(Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862, 864; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115; 10 NYCRR 86-2.7 [a])* and where, as here, a facility's reimbursement rates were based upon mathematical miscalculations or the submission of false information, the respondent may retroactively adjust the rates and recoup the overpayments *(Matter of Westledge Nursing Home v Axelrod, supra; Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Mayflower Nursing Home v Office of Health Sys. Mgt.,* 59 NY2d 935). Petitioner does not have any vested property rights to the Medicaid payments.

Although we do not condone the delay in this case, we agree with the Administrative Law Judge's conclusion that the lengthy administrative delay did not result in substantial prejudice to petitioner. The record supports the finding that petitioner failed to demonstrate that the administrative delay has handicapped its efforts in presenting a defense at the hearing. Nor has the delay precluded the facility from expanding its services or caused curtailment of existing services *(see, Matter of Cortlandt Nursing Home v Axelrod, supra,* at 181). Considering the "strong, defined public policy of this State to recover public funds improperly received" *(Matter of Cortlandt Nursing Home v Axelrod, supra,* at 182; *Matter of Daleview Nursing Home v Axelrod, supra,* at 34), the delay, although lengthy, should not preclude respondents from recouping the alleged overpayments of Medicaid funds paid to petitioner. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Cornelius, J.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.