■ In the Matter of EGER HEALTH CARE CENTER, INC., Appellant, v LORNA S. MCBARNETTE, as Executive Deputy Commissioner of Health Serving as Acting Commissioner of Health, et al., Respondents. [600 NYS2d 172] —Crew III, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered February 6, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination by respondent Commissioner of Health establishing petitioner's 1991 Medicaid reimbursement rate.

Petitioner is a residential health care facility located in Staten Island and a participant in the Medicaid program. On or about November 1, 1990, petitioner received notification of its 1991 Medicaid reimbursement rate from the Department of Health (hereinafter DOH). In calculating petitioner's 1991 reimbursement rate, DOH offset petitioner's 1989 capital interest expense with petitioner's 1983 investment income.[1]

Following an unsuccessful rate appeal, petitioner commenced this CPLR article 78 proceeding alleging, *inter alia*, that DOH's use of the offset methodology was arbitrary and capricious.[2] Supreme Court dismissed the petition, and this appeal by petitioner followed.

_____

1. A facility's overall per patient, per diem Medicaid rate is based upon four cost components: direct, indirect, noncomparable and capital *(see,* 10 NYCRR 86-2.10 [b] [1] [ii]). The first three components comprise the facility's operating costs and are calculated by reference to the facility's reported costs for the 1983 base year trended to the present rate year *(see,* 10 NYCRR 86-2.10 [a] [7]; [b] [2]). The capital component is based upon costs reported two years prior to the rate year at issue *(see,* 10 NYCRR 86-2.10 [g]). Necessary interest on both current and capital indebtedness is an allowable cost for facilities such as petitioner *(see,* 10 NYCRR 86-2.20 [a]). The regulations provide, however, that "[i]nterest expense shall be reduced by investment income" (10 NYCRR 86-2.20 [c] [1]), and it is the manner in which DOH accomplished this offset that has given rise to this appeal. For a more detailed discussion of the offset methodology, see *Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v Commissioner of N. Y. State Dept. of Health* (192 AD2d 50 [decided herewith]).

2. At the time petitioner's 1991 rates were established, the regulation implementing the offset methodology did not specify the base year to be used in determining the investment income offset; it appears, however, that DOH elected to utilize the investment income reported by petitioner for 1983. Effective December 27, 1990, the relevant regulation specifically authorized the use of investment income reported for fiscal year 1983 to reduce the interest expense claimed. Effective September 10, 1992, the

This appeal presents the very issue addressed and decided by this Court in *Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v Commissioner of N. Y. State Dept. of Health* (192 AD2d 50 [decided herewith]). The respondents in *Brothers of Mercy* argued, as do respondents here, that there is a rational basis for utilizing a facility's 1983 investment income to offset interest expense incurred by it in a subsequent rate year. We cannot agree. As we observed in *Brothers of Mercy,* "DOH has established an offset methodology that attempts to reduce interest expense, which has been adjusted to one degree or another to more accurately reflect the actual costs incurred, by a fixed amount of investment income earned at a seemingly arbitrary point in time" *(supra,* at 54). Simply stated, we fail to perceive how the actual investment income earned by petitioner in 1983 correlates with or bears a rational relationship to the interest expense it incurred several years later *(see, supra).* Accordingly, we conclude that the offset methodology employed in the calculation of petitioner's 1991 Medicaid reimbursement rate is irrational, and petitioner is entitled to have that rate recomputed utilizing investment income earned in 1989, i.e., investment income earned in the same year used to calculate petitioner's capital costs. In light of this conclusion, we need not address the remaining arguments advanced by petitioner.

Mikoll, J. P., Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted to the extent that the Department of Health is directed to recalculate petitioner's 1991 Medicaid reimbursement rate utilizing investment income earned 1989.

---

regulation provided, *inter alia,* that for rate years commencing on or after January 1, 1994, interest expense would be reduced by investment income reported for the same year used to compute the facility's capital costs *(see,* 10 NYCRR 86-2.20 [c] [3]).