■ In the Matter of GMR LIVING CENTERS, INC., Doing Business as ARBOR HILL CARE CENTER, Formerly Known as ARBOR HILL LIVING CENTER, Petitioner, v ANTONIA C. NOVELLO, M.D., as Commissioner of Health of State of New York, Respondent. [741 NYS2d 366] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Monroe County (Frazee, J.), entered December 7, 2001, seeking, inter alia, to annul the determination sustaining the recomputation of petitioner's Medicaid reimbursement rate.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to annul the determination made following a hearing sustaining the recomputation of its Medicaid reimbursement rate after a final audit by the New York State Department of Health. As a result of the final audit, petitioner's interest expenses reported in 1992 and 1993 on a loan providing petitioner with working capital were disallowed. In affirming the determination, respondent found that the loan did not result in any actual cost to petitioner because the 1996 settlement of litigation with the lender resulted in forgiveness of the outstanding debt. Respondent concluded that the audit properly took into account the subsequent settlement in order to correct the reimbursement to reflect petitioner's actual costs (*see* 10 NYCRR 86-2.2 [d]).

Contrary to petitioner's contention, the determination is not erroneous as a matter of law based on respondent's interpretation of the applicable regulations or respondent's failure to take into account that, as part of the 1996 settlement, petitioner withdrew its claim against the lender for unliquidated damages based on breach of contract. Respondent's interpretation of the applicable regulations here is not irrational or unreasonable (*see Matter of Taher v Novello*, 278 AD2d 809, 810, *lv denied* 96 NY2d 712) and, indeed, is consistent with the "strong, defined public policy of this State to recover public funds improperly received" (*Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 182, *rearg denied* 66 NY2d 1035, *cert*

*denied* 476 US 1115). Respondent did not err in failing to take into account petitioner's claim for unliquidated damages. It was petitioner's burden at the hearing to show that "the determination of the department was incorrect and that all * * * costs claimed were allowable" (18 NYCRR 519.18 [d] [1]), and petitioner failed to present any evidence of the value of its unliquidated damages claim. Contrary to petitioner's further contention, the determination is supported by substantial evidence (*see Matter of High Point Hosp. v Surles,* 218 AD2d 874, 875). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.