In the Matter of LINDA JARRETT, as Executor of EVELYN BLUE, et al., Respondents, v ANTONIA NOVELLO, as Commissioner of Health of the State of New York, Appellant. [812 NYS2d 665]—

Kane, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 1, 2005 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, annul certain of respondent's determinations regarding petitioners' Medicaid reimbursement rates.

Petitioners, the present and former owners and operators of a nursing home facility which is licensed by the Department of Health to receive Medicaid reimbursement, filed with respondent applications for revision of certified rates contesting the facility's reimbursement rates for the years 1993 through 1999 (see 10 NYCRR 86-2.14). Respondent accepted each annual appeal, but waited until 2002 to issue a single determination on all of the appeals. That determination granted the facility's requests for adjustment relating to certain items. In addition, respondent's determination adjusted the facility's reimbursement rates for 1993 through 1999 based on three separate errors discovered during the course of reviewing the facility's cost reports in association with its appeal. The items at issue include adjustments to the facility's return on equity for 1993 and 1994, and rental income adjustments affecting 1993 through 1999. After respondent denied the facility's administrative appeal,

petitioners commenced this proceeding to annul the portions of respondent's determination that retroactively adjusted the prior reimbursement rates based on issues not raised in the facility's appeal. Supreme Court partially granted the petition by annulling the portions of respondent's determination regarding return on equity and rental income adjustments, and denied another portion which is no longer contested. Respondent appeals.

Respondent avers, and the record verifies, that she did not make these adjustments as part of a formal audit (*see* 18 NYCRR 517.3). Instead, respondent argues that she was entitled, under the common-law power of the government to recoup moneys illegally or incorrectly paid, to correct any problems that she discovered with the facility's reimbursement rates during the facility's appeal. We disagree. The right of recoupment permits the government to recover overpayments resulting from "mathematical miscalculation, computer error, or the submission of false information" (*Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862, 864-865 [1986]), but not payments made under statutes or regulations "which predicate[ ] determination of the amount to be paid upon judgmental considerations involving expertise" of a government agency (*Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 34 [1984]).

The alleged overpayments at issue here were not based on mathematical or technological errors, but were based on the facility's purposeful exclusion of certain figures that it believed were not required to be listed on its cost reports. On the other hand, respondent believes that, after having discovered these exclusions during the facility's appeal, those figures should have been included. This situation does not involve a mere computational error, but a legitimately contested assertion of an error in judgment over whether specific items should have been listed in the facility's cost reports (*compare Highbridge-Woodycrest Ctr. v Novello,* 304 AD2d 363, 363 [2003], *lv denied* 100 NY2d 512 [2003]). Hence, the common-law right of recoupment does not permit respondent to make the contested adjustments to the facility's reimbursement rates.

Respondent alternatively argues that she was permitted to correct any errors uncovered while reviewing the facility's applications for revision, not just those specific figures or categories raised by the facility. As the regulations regarding revisions in certified rates are comprehensive and limit what issues respondent may consider (*see* 10 NYCRR 86-2.14), we cannot agree with this contention. Respondent could have corrected these alleged errors by conducting an audit pursuant to regulations (*see* 18 NYCRR 517.3), but no such audit was timely commenced.

Thus, Supreme Court appropriately partially granted the petition.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.