In the Matter of NEW YORK FOUNDLING HOSPITAL, INC., et al., Appellants, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [849 NYS2d 694]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 28, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the amended petition.

In this CPLR article 78 proceeding, petitioners challenge respondents' computation of Medicaid reimbursement rates during 1983 through 1985 for petitioner New York Foundling Hospital, Inc. (hereinafter petitioner), which operated a residential health facility for impoverished children at that time. The proceeding was initially commenced in 1994 against the Department of Health (hereinafter DOH), the Division of Budget and the Department of Social Services (hereinafter DSS) to challenge a DSS audit of petitioner's 1981 base year cost report that was used to set the 1983-1985 reimbursement rates.* In particular, the audit disallowed $581,702 in food service costs, concluding that the allowable costs were only $166,061. In 1996, petitioner and DSS entered into a stipulation of settlement in which petitioner agreed, in exchange for an upward adjustment to its allowable food service and housekeeping costs, to withdraw all claims against DSS relating to the 1981 base year audit. A separate stipulation withdrawing the claims provided that "this stipulation is without prejudice to the petitioner pursuing whatever claims it feels it may have against the remaining respon-

---

* Medicaid reimbursement rates are generally computed based upon costs reported by the facility during a prior "base" period trended forward to account for inflation (see Matter of Blossom View Nursing Home v Novello, 4 NY3d 581, 585 [2005]). Here, the relevant base period was 1981. During the time period at issue, DSS was responsible for auditing nursing home cost reports used in setting allowable base year costs; DOH was responsible for initially calculating the rates and then adjusting the rates after audits (see id. at 591).

dents with respect to the impact of such audit findings" on the 1983-1985 rate years.

Thereafter, DSS's responsibilities for administering the Medicaid program and for auditing the cost reports filed by nursing homes shifted to DOH (*see Matter of Blossom View Nursing Home v Novello*, 4 NY3d 581, 591-592 [2005]). In 1999, petitioner and DOH entered into a stipulation settling a second audit affecting added staff adjustments to petitioner's 1983-1985 rates. DOH issued final audited 1983-1985 rates in 2000.

In 2003 and 2004, petitioner requested again that DOH revise the 1983-1985 rates by restoring the previously disallowed $581,702 that was the subject of the first audit. DOH denied the request and petitioners then served an amended petition challenging that denial. Supreme Court granted respondents' motion to dismiss the amended petition and petitioners now appeal.

We affirm. Initially, we agree with respondents that the 1996 stipulation of settlement bars the second cause of action in the amended petition. In both the original 1994 petition and the amended petition, the second cause of action alleges that the reduction of the $581,702 in food service costs in the 1983-1985 rate audit represented an improper retroactive adjustment of DOH's initial rate determination. Respondents contend that DOH initially mislabeled the $581,702 as "ceiling relief," rather than food service costs; DOH corrected that error in March 1985 upon petitioner's 1984 rate appeal. Consistent with that correction, DSS treated the $581,702 as food service costs and reduced the allowable amount of those costs. In contrast, petitioners argue that DOH did not merely relabel the $581,702 from ceiling relief to food service costs; rather, they maintain, DOH changed its methodology by eliminating ceiling relief that it had previously granted. Petitioners assert that any error in initially granting the ceiling relief was a "mistake of judgment" by DOH that precludes correction of the mistake or recoupment on the basis of that mistake.

While DOH's " 'right of recoupment does not extend to payments made under a statute which predicates determination of the amount to be paid upon judgmental considerations involving expertise' " of a government agency, it is well settled that DOH may retroactively adjust rates and recoup overpayments based on a "mistake of fact" (*Matter of Westledge Nursing Home v Axelrod*, 68 NY2d 862, 865 [1986] [citation omitted]; *see Matter of Jarrett v Novello*, 27 AD3d 973, 974 [2006], *lv denied* 7 NY3d 715 [2006]). As respondents assert, the DSS audit findings—which rejected petitioner's argument that $581,702

represented ceiling relief, as opposed to food service costs, and concluded that figure bore "no relationship to the amount of ceiling cuts"—clarify that DOH simply made a mistake of fact in mislabeling the food service costs. Those audit findings therefore refute petitioners' current contention that DOH made a mistake of judgment. Inasmuch as petitioner expressly agreed to the audit findings in the 1996 stipulation of settlement with minor modifications not relevant here, the second cause of action is precluded by the stipulation.

Further, to the extent that the remaining three causes of action are not barred by the stipulation of settlement, those claims are untimely. Those causes of action challenge respondents' refusal to adjust the audited rates to render them substantively adequate under state and federal law. They accrued, at the latest, in September 2000 when DOH issued audited rates implementing the 1996 and 1999 settlements of the DSS audits. Inasmuch as the statute of limitations for claims arising under CPLR article 78 is four months (see CPLR 217 [1]) and petitioner's requests for reconsideration in 2003 and 2004 could not extend the limitations period (see Holliswood Care Ctr. v Whalen, 58 NY2d 1001, 1003 [1983]; Matter of Properties of N.Y., Inc. v Planning Bd. of Town of Stuyvesant, 35 AD3d 941, 943 [2006]), those claims are time-barred. Contrary to petitioners' argument, the relation back doctrine is inapplicable here because the claims are based upon events that occurred after the filing of the initial petition, rather than upon the transactions giving rise to the claims in the initial petition (see CPLR 203 [f]; Krioutchkova v Gaad Realty Corp., 28 AD3d 427, 428 [2006]; cf. Bloomfield v Bloomfield, 97 NY2d 188, 192-193 [2001]).

Petitioners' remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.