In the Matter of LUTHERAN MEDICAL CENTER, Appellant, v RICHARD F. DAINES et al., Respondents. [884 NYS2d 122]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondents dated October 25, 2006, retroactively adjusting the petitioner's Medicaid reimbursement rate from 1999 through 2003 and directing the recoupment of overpayments, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Jacobson, J.), dated April 28, 2008, as granted that branch of the respondents' motion which was for leave to renew their opposition to the petition, which had been granted in a judgment of the same court dated September 20, 2007, and, upon renewal, denied the petition and dismissed the proceeding.

Ordered that the order and judgment dated April 28, 2008, is affirmed insofar as appealed from, with costs.

In 1997 the petitioner, Lutheran Medical Center, opened an

inpatient psychiatric unit. Generally, the per diem, per patient, reimbursement rate that such units receive for treating Medicaid patients is determined by the New York State Department of Health (hereinafter the DOH) on a prospective basis based on a formula derived from the costs actually incurred by the unit in a prior year (*see generally* Public Health Law § 2807-c; 10 NYCRR subpart 86-1). The prior year is referred to as the "base year" and the year in which the unit renders service is referred to as the "rate year." The regulations of the DOH provide that the cost-based rate for "exempt units," such as the petitioner's unit, is subject to a "Group Average Ceiling," and the cost-based rate for such units shall be no greater than 110% of the weighted average cost per day, per patient, of similar units in the hospital's region (*see* 10 NYCRR 86-1.61 [c]).

From 1998 to 2001, because the petitioner's psychiatric unit lacked "adequate cost experience," the petitioner received reimbursements based upon a budgeted rate subject to readjustment based upon actual costs (*see* 10 NYCRR 86-1.19). In February 2002, the respondents approved the petitioner's request to switch from a budgeted rate to a cost-based rate using 1998 as the base year, and the respondents issued the petitioner's rates for the 2002 rate year, which included the prospective per diem rate for the 2002 rate year plus retroactive adjustments. In February 2004, however, the respondents notified the petitioner that due to a "technical error," the respondents had failed to apply the group average ceiling with respect to its reimbursement rates for any rate years after 1998. After the respondents retroactively adjusted the petitioner's rates from 1999 through 2003 and recouped overpayments made to the petitioner based on their failure to apply the group average ceiling to any rate years after 1998, the petitioner filed an administrative appeal arguing that the respondents' actions were untimely in violation of DOH regulations. In a letter to the petitioner dated October 25, 2006, the respondents indicated that they had determined that the petitioner's administrative appeal raised an issue of law and not one of fact, and denied the petitioner's request for an administrative hearing.

The petitioner then commenced this proceeding pursuant to CPLR article 78 contending that the respondents' actions in making the retroactive adjustments and recouping the overpayments were arbitrary, capricious, and contrary to law. Although most of the petitioner's allegations dealt with the alleged untimeliness of the respondents' actions, the petitioner also generally alleged that the respondents had no authority to recoup the overpayments. In opposition to the petition, the

respondents contended that their authority to recoup the overpayments was derived from their common-law right to recoup public funds distributed erroneously as a result of computational or data entry errors (*see Matter of Schwartfigure v Hartnett,* 83 NY2d 296, 300 [1994]; *Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862, 864-865 [1986]). The Supreme Court originally granted the petition, accepting the contention made in the petitioner's reply papers that the respondents' error was one of judgment and not one of computation or data entry, rendering the common-law right of recoupment unavailable (*see Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 34 [1984]; *Matter of Jarrett v Novello,* 27 AD3d 973, 974 [2006]; *Matter of Faxton Sunset-St. Luke's Skilled Nursing Facility v Dowling,* 233 AD2d 865, 865-866; *Hurlbut v Whalen,* 58 AD3d 311, 318 [1977]).

The respondents then moved, inter alia, for leave to renew their opposition to the petition. Along with their motion, the respondents submitted affidavits from the DOH employees who averred that the error in question resulted from a staff analyst inputting the group average ceiling in the wrong location, causing the computer program used by the respondents to only apply the group average ceiling to the first rate year, which was 1998. The analyst affirmed that she did not purposely fail to apply the group average ceiling to the rate years following 1998. Rather, she believed that the computer would apply the group average ceiling to all years, but due to her mistake in entering the data into the wrong location, the program only applied the group average ceiling to the first year.

Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in granting leave to renew. The respondents offered a reasonable justification for their failure to submit additional facts at the time of their opposition to the petition (*see* CPLR 2221 [e]). As the petitioner did not specifically contend in its petition that the respondents' mistake was an error in judgment rather than an error in computation or data entry, it was not unreasonable for the respondents to fail to realize, at the time of their opposition to the petition, that this would be a disputed issue. Since the respondents established, upon renewal, that the overpayments were made based on a "mistake of fact" and not a "mistake of judgment," the Supreme Court, upon renewal, properly concluded that the respondents had authority to retroactively adjust the petitioner's Medicaid reimbursement rate and recoup the overpayments (*see Matter of New York Foundling Hosp., Inc. v Novello,* 47 AD3d 1004, 1005 [2008]; *Highbridge-Woodycrest Ctr. v Novello,* 304

AD2d 363, 363-364 [2003]). Accordingly, the Supreme Court, upon renewal, properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.