■ In the Matter of Dana Rene Gignac, R.Ph., Doing Business as Saratoga Pharmacy, Petitioner, v David A. Paterson, as Governor of State of New York, et al., Respondents. [894 NYS2d 801]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], entered August 4, 2009) to annul a determination. The determination, inter alia, found that Saratoga Pharmacy had received overpayments from the Medicaid program and sanctioned petitioner and Saratoga Pharmacy for engaging in unacceptable practices under the Medicaid program.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) following a fair hearing insofar as it affirmed in part the determination of the Office of the Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner in 2004 and 2005. Specifically, the ALJ affirmed the OMIG's determination to recover Medicaid program overpayments from Saratoga Pharmacy but reduced the total amount of the overpayment. The ALJ also affirmed the determination to sanction petitioner and Saratoga Pharmacy for engaging in unacceptable practices under the Medicaid program but reduced the sanction of exclusion from participation in the Medicaid program for a five-year period to a sanction of censure.

Contrary to petitioner's contention, the determination of the ALJ is not erroneous as a matter of law based on the OMIG's interpretation of the applicable regulations. "An agency's interpretation of its regulations must be upheld unless the determination is irrational and unreasonable" (*Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000], *rearg denied* 96 NY2d 731 [2001] [internal quotation marks omitted]; *see Seittelman v Sabol*, 91 NY2d 618, 625 [1998]). The OMIG interpreted the regulations applicable to the first category of disallowed claims to require petitioner to prepare and maintain contemporaneous records with respect to the delivery of prescription items (*see* 18 NYCRR 504.3 [a]; 517.3 [b] [1]; 540.7 [a] [8]), and that interpretation is not irrational or unreasonable (*see generally Matter of GMR Living Ctrs. v Novello*, 294 AD2d 851 [2002]). In addition, the ALJ's determination that the OMIG properly disallowed

certain claims in the first category based upon petitioner's failure to prepare and maintain such records is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

The ALJ's determination that the OMIG properly disallowed certain claims in the second category based upon the inaccurate or incomplete designation of prescribers is also supported by substantial evidence (*see generally id.*). The OMIG presented documentary evidence demonstrating discrepancies between the prescribers listed on petitioner's claims and the underlying prescriptions, and the testimony of petitioner purporting to explain those discrepancies is insufficient to meet his "burden at the hearing to show that 'the determination of the [OMIG] was incorrect and that all . . . costs claimed were allowable' " (*GMR Living Ctrs.*, 294 AD2d at 852). In addition, the ALJ's determination that the OMIG properly disallowed the claim in the final category based on the failure of petitioner to provide a written order for the medical supply at issue is also supported by substantial evidence (*see* 18 NYCRR 505.5 [b] [1]; *see generally 300 Gramatan Ave. Assoc.*, 45 NY2d at 180-181).

Contrary to the contention of petitioner, he "is liable for reimbursement of any overpayment[,] . . . and an overpayment 'includes any amount not authorized to be paid under the medical assistance program' . . . Medicaid payments are only authorized when providers and their services are in compliance with all applicable statutes, rules and regulations" (*Matter of A.R.E.B.A. Casriel v Novello*, 298 AD2d 134, 135 [2002], *lv denied* 100 NY2d 506 [2003], quoting 18 NYCRR 518.1 [c]). Finally, the penalty of censure is not so disproportionate to the violations at issue " 'as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of Bracken v Axelrod*, 93 AD2d 913 [1983], *lv denied* 59 NY2d 606 [1983]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Green and Gorski, JJ.