In the Matter of TERESIAN HOUSE NURSING HOME COMPANY, INC., Petitioner, v COMMISSIONER OF HEALTH OF STATE OF NEW YORK et al., Respondents. [897 NYS2d 530]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health which established petitioner's Medicaid reimbursement rates for 1998 through 2003.

Petitioner is the owner and operator of a residential health care facility that underwent significant physical expansion, the first phase of which occurred from 1997 to 1998. In order to finance that expansion, petitioner borrowed funds via the issuance of tax-exempt bonds by the Dormitory Authority of the State of New York (hereinafter DASNY) (*see* Public Authorities Law § 1685). Petitioner incurred interim interest expense totalling $881,430 on those moneys during the period of construction and that expense, amortized over 14 years, was included in the capital component of petitioner's Medicaid reimbursement

rates set for 1998 through 2003.* As is relevant here, a subsequent audit disallowed the interim interest expense portion of the rate and required reimbursement for the resulting overpayment, determining that the expense was offset by interest income earned on the bond proceeds prior to their disbursement. An administrative law judge sustained the adjustment upon review, and this CPLR article 78 proceeding ensued.

Petitioner initially argues that the audit improperly offset interest expense by interest income in the aggregate, because DASNY required that the bond proceeds be expended for specific purposes and kept in segregated, restricted accounts. The regulation relied upon by petitioner in support of that claim, however, sets out only the proper accounting methodology to be employed (see 10 NYCRR 452.3 [n]) and, like other regulations that serve only to establish a uniform reporting standard, is not "designed to conform to or reflect reimbursement regulations" (10 NYCRR 450.1 [b]; see 10 NYCRR 452.1). Further, no reimbursement regulation squarely addresses the issue at hand. Given the lack of controlling authority dictating otherwise, the determination to apply the generally accepted accounting principle that interest earned in the restricted accounts should be offset against interest expense in the aggregate was a rational one (see Financial Accounting Standards Board, Statement of Financial Accounting No. 62 [1982]; see also 10 NYCRR 86-2.17 [a]; Dominguez Val. Hosp. v Shalala, 57 F3d 832, 835-836 [9th Cir 1995]).

Nor are we persuaded that the initial approval of the Medicaid reimbursement rate by the Department of Health, which included the interim interest expense, constituted a judgmental error beyond the review of the auditors. Errors of judgment, which involve an agency's expertise and cannot be corrected upon audit, do not include those "based upon mathematical miscalculation, computer error, or the submission of false information" (Matter of Westledge Nursing Home v Axelrod, 68 NY2d 862, 864-865 [1986]; see Matter of Jarrett v Novello, 27 AD3d 973, 974 [2006], lv denied 7 NY3d 715 [2006]). As such, if the Department of Health's initial rate determination was founded upon a mistake of fact, rather than a misguided exercise of judgment, the rate may be retroactively adjusted (see Matter of Westledge Nursing Home v Axelrod, 68 NY2d at 865; Matter of

---

* A facility's Medicaid reimbursement rate encompasses its direct, indirect, noncomparable and capital costs (see 10 NYCRR 86-2.10 [b] [1] [ii]). The capital component of the rate includes interest on capital debt (see 10 NYCRR 86-2.10 [a] [9]; [g]; 86-2.20 [a]; Matter of Eger Health Care Ctr. v McBarnette, 195 AD2d 730, 730 n 1 [1993]).

*New York Foundling Hosp., Inc. v Novello,* 47 AD3d 1004, 1005 [2008], *lv denied* 10 NY3d 708 [2008]). While petitioner here speculated as to how the interim interest expense figure was arrived at, the record does not reflect that the initial approval of the interim interest expense figure proceeded from anything other than a miscalculation; namely, the rate setter's failure to take offsetting interest income into account. As petitioner failed to meet its burden of showing that the adjustment was incorrect, this computational error was properly corrected upon audit (*see* 18 NYCRR 519.18 [d] [1]; *Matter of GMR Living Ctrs. v Novello,* 294 AD2d 851, 852 [2002]).

Cardona, P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.