# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

433

TP 12-02130

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

IN THE MATTER OF JAYSON BULMAHN, PETITIONER,

V                                                          MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF MEDICAID INSPECTOR
GENERAL AND NEW YORK STATE DEPARTMENT OF HEALTH,
RESPONDENTS.

STAMM LAW FIRM, WILLIAMSVILLE (GREGORY STAMM OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frederick J. Marshall, J.], entered August 30, 2012) to review a determination of respondents. The determination ordered that respondent New York State Department of Health was entitled to recover Medicaid overpayments from petitioner.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the amended petition is granted, and the matter is remitted to respondent New York State Office of Medicaid Inspector General for further proceedings not inconsistent with the following Memorandum: Petitioner, the owner of Niagara Pharmacy (Pharmacy), commenced this proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) following a fair hearing insofar as it affirmed in part the determination of respondent New York State Office of Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to the Pharmacy from 2005 through 2008. Specifically, with the exception of one claim that was withdrawn and another that was reversed, the ALJ affirmed the OMIG's determination that respondent New York State Department of Health (DOH) was entitled to recover Medicaid overpayments from petitioner, based on an extrapolation method used by OMIG to calculate the total amount of overpayments.

Contrary to petitioner's contention, Supreme Court properly transferred the proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as the challenged determination was "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]; *cf. Matter of Krajkowski v Bianco*, 85 AD3d 1577,

1578, *lv denied* 17 NY3d 712; *Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 83 AD2d 741, 741). "Thus, regardless of the terms used by petitioner [in the petition], a substantial evidence issue has been raised, necessitating transfer to this [C]ourt" (*Matter of Segrue v City of Schenectady*, 132 AD2d 270, 274; *see Matter of Re/Max All-Pro Realty v New York State Dept. of State, Div. of Licensing Servs.*, 292 AD2d 831, 831, *lv denied* 98 NY2d 606).

We agree with respondents that substantial evidence supports the ALJ's determination that the challenged payments were not authorized by the Medicaid Management Information System Provider Manual for Pharmacies inasmuch as the claims submitted by the Pharmacy did not comply with various regulations and generally accepted practices (*see* 18 NYCRR 519.18 [d]). We thus conclude that the DOH was authorized to seek recoupment "of the amount determined to have been overpaid" (18 NYCRR 518.1 [b]). We further conclude, however, that the determination concerning the amount that was overpaid was " 'irrational and unreasonable' " (*Matter of Marzec v DeBuono*, 95 NY2d 262, 266, *rearg denied* 96 NY2d 731; *see Matter of Gignac v Paterson*, 70 AD3d 1310, 1311, *lv denied* 14 NY3d 714).

With respect to medical assistance programs like Medicaid and Medicare, it is well established that federal and state auditors may use an extrapolation method to calculate overpayments where, as here, the number of claims is "voluminous" (CMS [formerly HCFA] Ruling 86-1 [Feb. 20, 1986]; *see generally* 18 NYCRR 519.18 [g]; *Chaves County Home Health Serv. v Sullivan*, 931 F2d 914, 916-922, *cert denied* 502 US 1091). Pursuant to the New York regulations, "[a]n extrapolation based upon an audit utilizing a statistical sampling method certified as valid will be presumed, in the absence of expert testimony and evidence to the contrary, to be an accurate determination of the total overpayments made or penalty to be imposed. The appellant may submit expert testimony challenging the extrapolation by the [agency] or an actual accounting of all claims paid in rebuttal to the [agency's] proof" (18 NYCRR 519.18 [g]). Here, in our view, petitioner submitted expert testimony rebutting the presumption that the extrapolation method used by respondents' expert resulted in an accurate determination of the total overpayments.

There is no dispute that the OMIG did not consider an amount the DOH underpaid the Pharmacy when extrapolating the amount of overpayments to be recouped. The ALJ, in affirming the OMIG's extrapolation methodology, also did not consider the underpayment and gave no credit to the testimony of petitioner's expert that the failure to consider the underpayment resulted in an inaccurate determination of the amount the DOH had overpaid the Pharmacy. Indeed, the ALJ stated that the OMIG "is not charged with auditing to detect and correct underpayments to providers. Providers are entitled to and [are] able to review their own Medicaid claims for accuracy, have their own avenues of redress for underpayments, and have the responsibility to pursue them." It thus does not appear from the record that the ALJ recognized that it is permissible for auditors to consider underpayments when extrapolating the amount that has been overpaid to a provider. The Centers for Medicare & Medicaid Services, formerly known as the Health Care

Financing Administration, has set forth in detail the method for extrapolating overpayments made by medical assistance programs in the Medicare Program Integrity Manual (MPIM). The MPIM specifically provides that "[i]n simple random or systematic sampling the total overpayment in the frame may be estimated by calculating the mean overpayment, *net of underpayment*, in the sample and multiplying it by the number of units in the frame" (§ 8.4.5.1 [emphasis added]; *see* § 3.1 [A]). We thus conclude that the ALJ's failure to exercise any discretion in determining whether to consider the undisputed underpayment in the extrapolation calculation was irrational and unreasonable. Even assuming, arguendo, that the OMIG and the ALJ exercised their discretion and declined to consider the significant underpayment uncovered in the audit, we conclude that such a determination would also be irrational and unreasonable inasmuch as the extrapolated overpayment would not constitute "an accurate determination of the total overpayments made" (18 NYCRR 519.18 [g]). We therefore annul the determination, grant the amended petition and remit the matter to the OMIG for further proceedings not inconsistent with this Court's decision.

        In view of our determination, we do not address petitioner's remaining contentions.

Entered:  May 3, 2013                         Frances E. Cafarell
                                              Clerk of the Court