Matter of Jewish Home & Infirmary of Rochester, Inc. v New York State Dept. of Health (2026 NY Slip Op 01636)

Matter of Jewish Home & Infirmary of Rochester, Inc. v New York State Dept. of Health

2026 NY Slip Op 01636

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

28 TP 25-01248

[*1]IN THE MATTER OF JEWISH HOME AND INFIRMARY OF ROCHESTER, INC., PETITIONER,
vNEW YORK STATE DEPARTMENT OF HEALTH, NEW YORK STATE OFFICE OF THE MEDICAID INSPECTOR GENERAL, JAMES . MCDONALD, IN HIS CAPACITY AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH, AND FRANK T. WALSH, JR., IN HIS OFFICIAL CAPACITY AS ACTING MEDICAID INSPECTOR GENERAL, RESPONDENTS. 

CROWELL & MORING LLP, WASHINGTON, D.C. (SAMUEL H. RUDDY, ADMITTED PRO HAC VICE, OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Sam L. Valleriani, J.], dated April 11, 2025) to review a determination of respondents. The determination, inter alia, ordered that respondent New York State Department of Health is entitled to recover from petitioner an overpayment of funds. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ), made after a hearing, insofar as it affirmed in part the determination of respondent New York State Office of the Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner. Specifically, the ALJ affirmed, inter alia, OMIG's determination finding that the amount of mortgage forgiveness on a note supported by bonds issued by the Village of East Rochester Housing Authority (VERHA) must be allocated over the remaining life of the mortgage in accordance with 10 NYCRR 86-2.20 (f), and thus respondent New York State Department of Health (DOH) is entitled to recover from petitioner for an overpayment made to petitioner by the DOH. We confirm the determination and dismiss the petition.
Contrary to petitioner's initial contention, "[e]rrors of judgment, which involve an agency's expertise and cannot be corrected upon audit, do not include [errors] 'based upon mathematical miscalculation, computer error, or the submission of false information' " (Matter of Teresian House Nursing Home Co., Inc. v Commissioner of Health of State of N.Y., 70 AD3d 1294, 1295 [3d Dept 2010]; see Matter of Westledge Nursing Home v Axelrod, 68 NY2d 862, 864-865 [1986]; Matter of New York Foundling Hosp., Inc. v Novello, 47 AD3d 1004, 1005 [3d Dept 2008], lv denied 10 NY3d 708 [2008]). Here, the OMIG audit finding that petitioner's report improperly allocated the entirety of the subject mortgage forgiveness to 2015 in accordance with 10 NYCRR 86-2.20 (c), as opposed to allocating it pro rata over the remaining life of the mortgage in accordance with 10 NYCRR 86-2.20 (f), was based upon the "submission of false information, [and, thus, DOH] may retroactively adjust the rates and recoup overpayments" (Westledge Nursing Home, 68 NY2d at 865; see Matter of County of Monroe v Axelrod, 163 AD2d 847, 849 [4th Dept 1990], lv denied 76 NY2d 714 [1990]; see also New York [*2]Foundling Hosp., Inc., 47 AD3d at 1005-1006).
Similarly, although petitioner is correct that "when an agency determines to alter its prior stated course[,] it must set forth its reasons for doing so" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]) "at the agency level," and not "in response to a CPLR article 78 challenge" (Matter of Collins v Governor's Off. of Empl. Relations, 211 AD2d 1001, 1003 [3d Dept 1995]), OMIG does not have a prior stated course for how the forgiveness of a mortgage supported by bonds issued by a public housing agency must be reported and, thus, was not required to set forth any reasoning at the agency level for its determination with respect to the required reporting thereof.
As a general rule, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]) and, thus, an agency's construction of its regulations, "if not irrational or unreasonable, should be upheld" (Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008] [internal quotation marks omitted]; see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]). Here, contrary to petitioner's contention, we conclude that OMIG's "interpretation of its regulation[s] . . . is neither irrational nor unreasonable" (Axelrod, 163 AD2d at 848; see generally Matter of Hurlbut, LLC v New York State Off. of Medicaid Inspector Gen., 174 AD3d 1303, 1303-1304 [4th Dept 2019]). Specifically, OMIG's rationale for determining that VERHA was a "public financing authority" whose mortgage forgiveness must be reported in accordance with 10 NYCRR 86-2.20 (f)—the rationale it relied upon in its audit findings and the administrative hearing—was its application of general accounting principles to the nature of the transaction between VERHA and petitioner. We conclude that, "[g]iven the lack of controlling authority dictating otherwise, [OMIG's] determination to apply . . . generally accepted accounting principle[s] . . . was a rational one" (Teresian House Nursing Home Co., Inc., 70 AD3d at 1295).
Finally, we conclude that, contrary to petitioner's contention, the ALJ did not err in rejecting its assertion that it reasonably relied upon a verbal representation from a DOH employee that the entirety of the subject mortgage forgiveness could be reported as allocated to 2015 in accordance with 10 NYCRR 86-2.20 (c). "[E]stoppel generally cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (Matter of Hall v Shah, 100 AD3d 1357, 1360 [4th Dept 2012] [internal quotation marks omitted]; see Matter of Shelton v Wing, 256 AD2d 1143, 1144 [4th Dept 1998]), and this is not "one of those unusual circumstances where estoppel against a [government agency] is warranted because doing otherwise would 'result in a manifest injustice' " (Vassenelli v City of Syracuse, 174 AD3d 1439, 1441 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; see Notaro v Power Auth. of State of N.Y., 41 AD3d 1318, 1320 [4th Dept 2007], lv dismissed 9 NY3d 935 [2007]; Matter of Grella v Hevesi, 38 AD3d 113, 117 [3d Dept 2007]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court